The Pennsylvania Company v. Gallentine.

No. 8287.

THE PENNSYLVANIA COMPANY v. GALLENTINE.

ASSIGNMENT OF ERROR.—*Supreme Court.*—The statute requires a specific assignment of errors. That "the judgment was rendered for the appellee, when it should have been for the appellant," is too general to present any question in the Supreme Court.

SAME.—That "the verdict was against the law and evidence," is not a proper specification in an assignment of error.

SAME.—That "the court gave instructions numbered —," is not a good assignment of error.

NEGLIGENCE.—*Pleading.*—*Railroad.*—A complaint against a railroad company, alleging that the plaintiff contracted with the defendant to deliver wood on the defendant's track, and accordingly did deliver one hundred and twenty-five cords, of the value, etc., that the defendant cut down grass and weeds on its track and grounds, which, with other inflammable material, it negligently permitted to accumulate at the place, until very dry, when they were set on fire by the passing trains, negligently operated on the road by the defendant, by reason of which the wood was set on fire and consumed, does not sufficiently show that the injury was the result of the defendant's negligence, and is bad on demurrer.

SAME.—*Contributory Negligence.*—*Case: Distinguished.*—A complaint for destruction of property by the negligence of the defendant, which does not show that there was no contributory negligence on the part of the plaintiff, is bad on demurrer. *Indianapolis, etc., R. R. Co.* v. *Paramore,* 31 Ind. 143, distinguished.

From the Kosciusko Circuit Court.

*J. Brackenridge* and *J. R. Carey,* for appellant.
*J. H. Carpenter* and *J. W. Cook,* for appellee.

FRANKLIN, C.—This was an action, brought by appellee against appellant in the Kosciusko Circuit Court, to recover for several lots of wood burned by fire from appellant's locomotives, alleged to have been carelessly and negligently used in running and operating the Pittsburgh, Fort Wayne and Chicago Railway, situated along the line and upon the right of way of said road, in Marshall county, Indiana.

There was a complaint filed consisting of eighteen paragraphs, to each of which the defendant filed separate de-

The Pennsylvania Company *v.* Gallentine.

murrers, which were respectively overruled and exceptions reserved. Issues.formed by denials; trial by jury; finding for the plaintiff; motion for a new trial overruled, and the proper exception taken; judgment for the plaintiff.

The defendant appealed to this court, and the errors assigned here are:

1st. Overruling motion for a new trial;

2d. Rendering judgment for appellee, when it should have been for appellant;

3d. The verdict was against the law and evidence;

4th. In giving instructions numbered (blank);

5th. Overruling the demurrer to each paragraph of complaint;

6th. The damages were excessive.

The statute provides that there shall be a specific assignment of all errors relied upon. The second error is not specific, but is too general to present any question for this court to decide. *Kimball* v. *Sloss*, 7 Ind. 589; *King* v. *Wilkins*, 10 Ind. 216; *Abraham* v. *Chase*, 11 Ind. 513; *Ruffing* v. *Tilton*, 12 Ind. 259.

The third error complained of is, that the verdict was against the law and the evidence. This would be a good reason for a new trial, but is not a proper specification in an assignment of errors.

The fourth, giving of instructions numbered (blank), without pointing out any instruction or instructions, is too indefinite, and could only be assigned as a reason for a new trial.

The fifth should properly be considered first, as that questions the sufficiency of each paragraph of the complaint.

The paragraphs are in couplets, and intended to apply to nine transactions of burning, and amount to eighteen instead of seventeen paragraphs, there being two numbered eight. We copy the charging parts of the last couplet as a sample of the whole, they being substantially alike, and very similar in language:

Sixteenth paragraph : * * "That the plaintiff contracted to deliver a large amount of wood to the said defendant ; that, in pursuance of said contract, the said plaintiff did, on the — day of ———, 187–, deliver on the track of said road as aforesaid, at a point three and one-half miles from the town of Bourbon, in said county of Marshall, one hundred and twenty-five cords of wood, of the value of three hundred and seventy-five dollars ; that, on the — day of ———, 1872, and before the said wood was estimated and paid for, the said wood was set on fire by the passing trains, negligently run and operated on said road by the defendant, and burned.   Wherefore the plaintiff was damaged," etc.

Seventeenth paragraph : "That the plaintiff contracted with the said defendant to deliver a large amount of wood on the track of said road ; that, in pursuance of said contract, the plaintiff did, on the —— day of ———, 187–-, deliver on the track of said road, at a point thereon three and one-half miles west of the town of Bourbon, in said Marshall county, one hundred and twenty-five cords of wood, of the value of three hundred and twenty-five dollars ; that the said defendant cut down the grass and weeds growing on the track and grounds of said road at said point, and permitted large quantities of other inflammable material to accumulate on said road and grounds, at said point, and negligently permitted said grass, weeds, and other inflammable material to remain on the track and grounds of said road as aforesaid, until they became very dry, when on the——day of ——, 1872, they were set on fire by the passing trains, negligently run and operated on said road by the defendants, and the fire from said burning grass, weeds, and other inflammable material, was communicated to said wood, and it was then and there burned.   Wherefore the plaintiff was damaged," etc.

The cause of action is intended to be based upon injuries produced by, and resulting from, the negligence of the

The Pennsylvania Company v. Gallentine.

defendant.   The first question arising is, as to whether the negligence of the defendant is sufficiently charged.

In the first above named paragraph of this couplet, there is no allegation as to with whom plaintiff contracted to deliver the wood to defendant; or that the defendant had anything to do with the placing of the wood on its track, either directly or indirectly.   It does not aver that it was delivered to the defendant; and, for aught that appears, it was put there without the knowledge or consent of the defendant, and was there at the plaintiff's own risk.   There is no allegation that the defendant neglected or refused to receive, estimate, or pay for the wood.   It avers "that the wood was set on fire by the passing trains, negligently run and operated on said road by the defendant, and burned;" but it does not aver that the negligence had anything to do with the setting on fire and the burning of the wood, or that the injury was caused by, or resulted from, the negligence of the defendant.

The substantial averments of this paragraph are simply these: The plaintiff put wood upon the railroad track; the passing trains set fire to it and burned it, and the trains were carelessly or negligently run.   Now, they may have been very carelessly run, without that carelessness or negligence having had anything to do with the communicating of the fire to the wood.

The paragraph numbered 17 is a little different.   It states that the plaintiff contracted with the defendant for the delivery of the wood; but it is equally silent as to the other allegations in relation to defendant's directing when and where it should be delivered, its reception, measurement, or payment therefor.   It then avers that the defendant negligently cut down the grass and weeds upon the track and grounds of the railroad, and negligently permitted them, with a large amount of other inflammable material, to accumulate on said track and grounds, and become very dry.

But this paragraph does not aver that the defendant's negligence brought about this condition of danger after the wood had been placed upon the track. If it existed before, and the plaintiff voluntarily placed his wood in such a perilous situation, he is presumed to have been willing to take the risk, at least until he should request a measurement and payment. This paragraph is subject to the same objection as the other, in relation to the burning of the wood being caused by, and in consequence of, the negligent running of the trains.

But no paragraph in the complaint contains any averment negativing contributory negligence on the part of the plaintiff, and this question is discussed at greater length by counsel than any other question in the case. Appellee's counsel insist that the doctrine of contributory negligence only applies in cases of injury to the person, and we are referred, in support thereof, to the case of The Pittsburgh, etc., R. R. Co. v. Nelson, 51 Ind. 150. In this case the court used the following language: "The right to recover is based on the negligence of the appellant. The averments in the complaint in reference to the contract of purchase and storage of the wood are matters of inducement, tending to show that the wood was placed upon the line of the railroad with the knowledge and consent of appellant, thereby imposing upon the railroad company the duty of exercising ordinary care toward the said wood. If the wood was placed upon the line of the railroad and within the right of way, without authority of appellant, the appellee could not recover, because he was guilty of negligence in exposing his property to the dangers and hazards incident to the running of locomotives over the track of said road. If, on the other hand, the wood was placed there under a contract of purchase, and the agents of appellant unreasonably neglected to measure and accept the same, and it was destroyed by the negli-

gence of the agents of the appellant, the appellant would be liable."

The contract set out in that complaint presents a different case from the one under consideration; and we understand that case as recognizing the principle of contributory negligence as applicable in this class of cases. The complaint was not copied, and the substance given says nothing in relation to its containing an averment negativing contributory negligence in the plaintiff. The decision was made upon an objection to the complaint, for the want of sufficient facts, without a demurrer having been filed, and this question was not presented nor decided by the court. But, even under this authority, the paragraph numbered sixteen is clearly bad for other reasons, heretofore pointed out.

We are also referred to the case of _The Indianapolis, etc., R. R. Co._ v. _Paramore_, 31 Ind. 143. In that case the complaint alleged "that the railroad company, by its agent, contracted and agreed with the plaintiff that if he would deliver on the line of the company's railroad track, at or near the town of New Point, in the county of Decatur, and at such places as were indicated by such agent, a quantity of cordwood for the use of the company, that the latter would, at reasonable times, and at least once a month, measure and pay for the same a fair cash price; that, in pursuance of said contract, and in accordance with the instructions of said agent, the plaintiff did, in September, 1865, deliver as directed one hundred and twenty cords of wood, of the value of $500, of which the defendant had notice. Yet the defendant failed and refused to measure said wood, for a long time, to wit, for more than one month; and that before the same was measured, it was totally burned up and destroyed by fire, originating from a locomotive engine of the defendant, and caused by the fault, carelessness, and negligence of the employees of the defendant," etc. Under which statement the court says: "A contract between the parties in reference to

the wood, and its delivery on the line of the railroad under the direction of the defendant's agent, are clearly alleged, as well as the failure of the defendant to measure and pay for the wood within the time limited.   *   *   We think the averments are sufficient to exclude the idea that any negligence on the part of the plaintiff contributed to the result. It can not be inferred from the facts alleged that the plaintiff was in any wise an actor in the matter of the fire.   It is averred, that he deposited the wood on the line of the railroad under the direction of the defendant's agent.   He had no connection with, or charge over, the locomotive from which it is alleged the fire originated.   The injury was not to him personally, but to his inanimate property, and, for aught that appears, in his absence ; and it is averred, that the injury was caused by the negligence and carelessness of the defendant's servants and employees.   It is very dissimilar to a case where the action is brought for a personal injury to a passenger on a train, or to one, not a passenger, who is struck or run over by a passing train, in which the plaintiff is necessarily present and an actor, and where his own negligence may readily contribute to the injury."

That case does not ignore the application of the principle of contributory negligence to this class of cases, but is based upon the fact that the averments in the complaint sufficiently showed there was no contributory negligence on the part of the plaintiff without any direct averment of that kind. The fact that the plaintiff may have been absent at the time of the fire, and did not actively participate in the burning, by no means relieves him from the responsibilities that he may have incurred, by contributing to the causes which produced the burning of the wood.

Contributory negligence in approximate injuries, caused by fire being communicated by the running of trains on railroads, may not so readily appear as in direct injuries to the person, yet we understand the same principle is alike appli-

cable to both classes of cases. When the charge is one of wilful negligence, the plaintiff need not negative in his complaint contributory negligence, for the reason that that makes the defendant liable, notwithstanding contributory negligence. In cases of negligence, not charged to be wilful, we understand the rule to be, that the plaintiff must aver in his complaint, that he was without fault or negligence, or state such facts as will show that he was not guilty of any negligence. In support of this rule, we refer to the following decisions of this court: *The President, etc.*, v. *Dusouchett*, 2 Ind. 586; *The Evansville, etc., R. R. Co.* v. *Hiatt*, 17 Ind. 102; *The Toledo, etc., R. W. Co.* v. *Thomas*, 18 Ind. 215; *The Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185, and authorities therein cited, p. 197; *The Jeffersonville R. R. Co.* v. *Hendricks' Adm'r*, 26 Ind. 228; *The Michigan, etc., R. R. Co.* v. *Lantz*, 29 Ind. 528; *The Indianapolis, etc., R. R. Co.* v. *Keeley's Adm'r*, 23 Ind. 133; *The Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335; *Newhouse* v. *Miller*, 35 Ind. 463; *Maxfield* v. *The Cincinnati, etc., R. R. Co.*, 41 Ind. 269; *Riest* v. *The City of Goshen*, 42 Ind. 339; *Hathaway* v. *The Toledo, etc., R. W. Co.*, 46 Ind. 25; *Jackson* v. *The Indianapolis, etc., R. R. Co.*, 47 Ind. 454; *Higgins* v. *The Jeffersonville, etc., R. R. Co.*, 52 Ind. 110; *The Cincinnati, etc., R. R. Co.* v. *Eaton*, 53 Ind. 307; *The Louisville, etc., R. R. Co.* v. *Boland*, 53 Ind. 398; *The Jonesboro, etc., T. P. Co.* v. *Baldwin*, 57 Ind. 86; *Gormley* v. *The Ohio, etc., R. W. Co.*, 72 Ind. 31; *The Terre Haute, etc., R. R. Co.* v. *Clark*, 73 Ind. 168.

This unbroken line of the decisions of this court certainly settles this as the rule of practice within this State. In some of the States a different rule has obtained, for instance, Missouri, Tennessee, Nebraska, Nevada, and, perhaps, Minnesota. And other States, to wit, Vermont, Maryland, New Jersey, Kansas, Iowa, and, recently, Illinois, have statutory provisions making the communication of fire by the running

of trains on railroads *prima facie* evidence of negligence. They also have similar statutes in Maine, Massachusetts and New Hampshire; but in the States of Connecticut, Indiana, New York, California, North Carolina and Delaware, the foregoing rule obtains. See 1 Thompson on Negligence, p. 152, sec. 8 of note.

The Supreme Court of Wisconsin, in the case of *Murphy* v. *The Chicago and Northwestern R. R. Co.*, 45 Wis. 222, in deciding a case of this class, used the following language: "We do intend to hold, and do hold, that the doctrine of contributory negligence on the part of the plaintiff, is applicable to the case at bar, as well as to all other cases where a recovery is sought to be had on the ground of the negligent acts of the defendant. * * This is the rule which we think is well established by the authorities, and accords with justice and common sense. We see no reason why a man who recklessly and unnecessarily exposes his property to destruction by fire in the immediate vicinity of a railroad, which from the necessity of the case must use the dangerous element in carrying on its business, should as a general rule be protected, if by the use of ordinary care he could have avoided its destruction, any more than the man who recklessly and unnecessarily places his property upon the track, and it is thereby destroyed."

We deem it unnecessary to further quote authorities in support of the rule, that the doctrine of contributory negligence applies to this class of injuries as well as personal injuries.

Appellee's counsel have objected to the consideration of this question for the alleged reason that the fifth specification of errors assigned was not signed by appellant's counsel. While it is true that this specification is written below and after the names of appellant's counsel were signed, yet it is indicated by a star to come in and stand above the signatures of the counsel, as an amendment to the original specifications; we think it is properly in the record to be

considered. And we think the court erred in overruling the demurrers to the several paragraphs of the complaint. The paragraph numbered 16, and all others like it, are clearly bad. As the judgment must be reversed for this reason, we decline examining the motion for a new trial, as the reasons therefor may not arise in a subsequent trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and the same is hereby, in all things reversed, at appellee's costs; and that the cause be remanded to the court below, with instructions to sustain the demurrers to the complaint, and for further proceedings in accordance with this opinion.