Filed Nov. 24, 1885.

---

No. 11,703.

### The Pittsburgh, Cincinnati and St. Louis Railway Company *v.* Conn.

Railroad.—*Negligence.—Action for Injury.—Proximate Cause.*—In an action against a railroad company to recover damages for injuries caused by its alleged negligence, the complaint must not only charge the defendant with the negligent acts, whether of commission or omission, but also show with reasonable certainty that such acts were the direct or proximate cause of the accident or injury.

Same.—*Allegation of Negligence.*—In such case, the allegation in the complaint, that the defendant, with gross negligence and in a careless and

The Pittsburgh, Cincinnati and St. Louis Railway Company v. Conn.

reckless manner, caused one of its locomotives, then and there operated by its servants and agents, to rapidly approach the street crossing where the accident occurred, without having the headlight lit in said locomotive, and without giving any reasonable, timely or proper warning, notice or signal of its approach, either by ringing the bell or blowing the whistle at a safe and reasonable distance from said crossing, fails to show that the accident or injury was caused by the negligence of the defendant.

SAME.—*Contributory Negligence.*—*Presumption.*—Where, from the specific facts alleged in a complaint, it might well be presumed that the plaintiff was guilty of contributory negligence, yet such presumption is one of fact, and will not be allowed to overcome or outweigh the positive averment of plaintiff to the contrary.

From the Cass Circuit Court.

*N. O. Ross* and *G. E. Ross,* for appellant.

*D. D. Dykeman, W. T. Wilson, G. C. Taber* and *W. A. Kearney,* for appellee.

Howk, J.—The first error of which complaint is here made on behalf of appellant, the defendant below, is the overruling of its demurrer to the first paragraph of appellee's complaint.

In this first paragraph, the appellee alleged that the appellant was a railroad corporation, doing business in this State under and by virtue of the laws thereof, and owned, controlled and operated its railroad from Logansport, Indiana, to Chicago, Illinois, in and through the town of Royal Center, in Cass county, and its railroad was laid and constructed over and across North street, in such town of Royal Center; that in such town appellant owned a switch or side-track, which was laid and constructed parallel to its main track, about forty feet distant therefrom, over and across said North street in such town; that appellant owned locomotive engines and cars, and used and operated them on and along its main track, and on and along its switch or side-track, over and across North street, in such town; that on the 1st day of October, 1882, at about 8 o'clock in the evening, the ap-

pellee was travelling west on said North street towards his home, driving his horse hitched to his carriage in which he was seated, but upon reaching such railroad he was prevented from crossing the same by a locomotive and train of cars, then and there operated and managed by appellant's servants and agents, which the appellant carelessly and negligently caused and permitted to remain standing on its main track across said North street, thereby completely obstructing all travel and passage along such street for a long time, to wit, one hour, contrary to law and the statutes prohibiting the standing of locomotives and trains over the crossing of a public highway for a longer time than fifteen minntes.

And the appellee averred that while he was waiting for such obstruction to be removed, he had driven his horse and carriage over and across such switch or side-track, into the space on North street between the main track and such switch or side-track, and seated in his carriage he had so waited for, to wit, one-half hour, when one of appellant's agents and servants warned him that a train was coming and to get out of the way ; that he heeded such warning and immediately turned his horse and started to drive back across such switch or side-track eastwardly on said North street, but before he could get across the appellant, with gross negligence and in a careless and reckless manner, caused one of its locomotives, then and there operated by its servants and agents, to rapidly approach said North street on and along such switch or side-track, without having the headlight lit in such locomotive, and without giving any reasonable, timely or proper warning, notice or signal of its approach, either by ringing its bell or blowing its whistle at a safe and reasonable distance from the crossing of the switch or side-track at North street, and the appellant then and there, without any fault or negligence on the part of appellee, caused such locomotive to hit and strike his horse and carriage, thereby killing the horse and utterly demolishing the carriage, and throwing appellee out of such carriage violently upon the ground, thereby bruising and

wounding him, and causing him great bodily pain and suffering, whereby he was put to great expense for medical treatment and was prevented from attending to his business for a long time, to wit, one month.

And the appellee further said that, at the time such injury was received, the night was dark and foggy, making it impossible to discern objects a short distance away, and that appellant's locomotive bore down upon appellee so rapidly, without light or warning, that it was impossible for him to get out of the way or prevent the accident and injury; that such accident occurred, and such injury was received, without any fault or negligence on his part whatever, and that by the killing of his horse, the destruction of his carriage, and the injury to himself, and the expenses incurred for medical treatment in procuring his recovery, the appellee was damaged in the sum of $1,000. Wherefore, etc.

Two objections are urged by appellant's learned counsel to the sufficiency of this first paragraph of complaint, namely:

1. That it does not charge or show, by its averments of facts, that the injuries received by appellee, and of which he complains, were caused directly or remotely by the negligence of the appellant, alleged in such first paragraph; and,

2. That although appellee alleged in such first paragraph, in general terms, that the accident occurred, and the injury was received, without any fault or negligence whatever on his part, yet the specific facts stated in the paragraph, in regard to what he did at the time, were sufficient to overcome such general allegation, and to show that, in fact, he was guilty of negligence which contributed directly to the accident and injury.

We will consider these objections to the sufficiency of the first paragraph of complaint, in their enumerated order.

1. The negligence imputed to the appellant, in the first paragraph of appellee's complaint, is alleged as follows: "The defendant, with gross negligence and in a careless and reckless manner, caused one of its locomotives, then and there

operated by its servants and agents, to rapidly approach said North street, in and along said switch or side-track, without having the headlight lit in said locomotive, and without giving any reasonable, timely or proper warning, notice, or signal of its approach, either by ringing the bell or blowing the whistle at a safe and reasonable distance from said crossing of said switch or side-track, at said North street." It is clear we think, that in this allegation the appellant is charged with negligence, only in its rapid approach toward North street in the manner stated. It is not alleged that the appellant, with or without negligence, caused one of its locomotives to rapidly enter upon or cross over North street at the crossing of the switch or side-track, or, indeed, that the locomotive did, in any manner, enter upon or cross over North street at such crossing. It might be true, as alleged, that the appellant negligently caused the locomotive to rapidly approach North street at the crossing, in the manner stated, and yet be equally true that appellant, with due care and proper precaution, caused the locomotive to slowly enter upon and cross over North street at such crossing. The accident and injury complained of occurred in North street, at the crossing thereof by the switch or side-track, and there is nothing in the first paragraph of complaint to show that appellant was then and there negligently operating or running its locomotive, or that it was not, then and there, exercising due care and caution in the operation or running of its locomotive. In other words, the appellee has failed to state or show that his accident and injury, of which he complains, were caused or occasioned by the negligence of appellant, alleged in the first paragraph of his complaint.

It is not enough, in such a case as this, to charge the defendant with negligent acts, whether of commission or omission; but it must also be shown, with reasonable certainty, that such acts were the direct or proximate cause of the accident or injury, or the complaint must be held bad on demurrer for the want of sufficient facts. This rule is usually

applied to cases where the complaint shows, upon its face, that the accident or injury was caused by an intervening agency; but it is equally applicable, we think, to cases where the complaint fails to show, by proper averment, that the accident or injury was caused by the alleged negligent acts of the defendant. "One thing, however, in this connection, ought always to be borne in mind, and that is, in all actions for negligent injuries, it is not enough to show that the defendant has been guilty of negligence. It must also be made to appear that the imputed negligence was a proximate cause of the injury sued for." *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569 (36 Am. R. 188). "There must be some connection between the negligence and the injury in the way of cause and effect; and the negligence which creates liability must be the proximate cause of the injury." *City of Greencastle* v. *Martin,* 74 Ind. 449, on p. 457 (39 Am. R. 93). In *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322, a paragraph of complaint was held bad on demurrer, because it failed to show "that the injury was caused by, or resulted from, the negligence of the defendant" charged therein.

For the reasons given we are of opinion that the first objection, urged by appellant's counsel to the first paragraph of appellee's complaint, is well taken and must be sustained.

2. The second objection to the first paragraph of complaint, discussed by appellant's counsel, is, that although the appellee alleged that the accident occurred, and the injury was received, without fault or negligence on his part, yet the specific facts, stated in his complaint, showed that he was guilty of such contributory negligence as would defeat his cause of action. The specific facts were, that when appellee arrived at appellant's tracks on North street, he found the main track blockaded by a standing train, that he drove his horse and carriage across the side-track, and waited between the tracks for the moving of the train, and that "the night was dark and foggy, making it impossible to discern objects a short distance." From these facts it might well be presumed, we think, that

appellee was negligent in driving his horse and carriage between the tracks while waiting for the moving of the train. But the presumption is one of fact, and not of law, and we can not hold that this presumption ought to overcome or outweigh the positive averment of appellee to the contrary. It is true that the case of *Cincinnati, etc., R. R. Co.* v. *Peters,* 80 Ind. 168, seems to support the position of appellant's counsel, but the case in hand is easily distinguishable from the case cited. The second objection to the first paragraph of complaint is not sustained.

We are of opinion, however, for the reasons given in considering the first objection above stated, that the trial court erred in overruling appellant's demurrer to the first paragraph of appellee's complaint. Upon the questions we have considered, the averments of the second paragraph of the complaint do not differ materially from those of the first paragraph, and, therefore, we must hold that the trial court also erred in overruling the demurrer to the second paragraph of complaint.

Other errors have been assigned and elaborately discussed by counsel on both sides, but we need not now consider or decide them.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrers to each paragraph of complaint, and for further proceedings, etc.

