No. 994.

THE PEERLESS STONE COMPANY *v.* WRAY.

PLEADING.—*Complaint.*—*Personal Injury.*—*Negligence.*—In an action for damages for personal injury, the complaint is fatally defective where it does not appear, by direct allegations or necessary inference, that the injuries complained of were the result of defendant's negligence.

From the Monroe Circuit Court.

*M. F. Dunn*, for appellant.
*T. J. Louden* and *J. H. Louden*, for appellee.

GAVIN, J.—The appellee recovered judgment for personal injuries received while working in appellant's stone quarry.

The sufficiency of the complaint was challenged by demurrer, which was overruled, with an exception. The correctness of that ruling is presented to this court for its determination.

The complaint alleges that on June 8, 1892, "a large pile of clay, dirt, and stone, which had been loosened by the removal of stone and left unsupported," fell on the appellee while he was in the line of his duty, removing tools near it. Want of knowledge and of contributory negligence upon his part is also alleged.

It is further charged that appellant had knowledge that the dirt was loose, unsupported, and in danger of falling, and carelessly and negligently failed to notify appellee of that fact.

For how long a time appellant was chargeable with such knowledge does not appear.

Neither does it appear, either by direct allegation or necessary inference, that the injuries received by ap-

pellee were the result of appellant's negligence. This defect is fatal to the sufficiency of the pleading.

In *Louisville, etc., R. W. Co.* v. *Thompson, Admr.*, 107 Ind. 442, the law is thus declared: "We agree with appellant's counsel that it must appear from the complaint that the death resulted from the negligent acts charged, for we understand it to be settled law that it must be shown that the negligence was the proximate cause of the injury."

In *Pittsburgh, etc., R. W. Co.* v. *Conn*, 104 Ind. 64, it is said: "It is not enough, in such a case as this, to charge the defendant with negligent acts, whether of omission or commission; but it must also be shown, with reasonable certainty, that such acts were the direct or proximate cause of the accident or injury, or the complaint must be held bad on demurrer for want of sufficient facts."

The causal connection between the negligence charged and the injury must appear. *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322; *City of Greencastle* v. *Martin*, 74 Ind. 449; *Harris* v. *Board, etc.*, 121 Ind. 299.

The only negligence charged is the failure to notify appellant of the condition of the pile of dirt. We can not say, as a matter of law, that such want of notification was the proximate cause of the injury.

There are no facts which show the imminence or the seriousness of the danger which would have appeared to him even if apprised of the true condition of the dirt, etc. We can not say but that even with such knowledge he would have done just as he did do. Many cases arise where servants knowingly incur danger, more or less serious, in the regular discharge of their duties.

Other objections are made to the ruling on the pleading, and to other proceedings in the court below, but as it is not probable that the case will again be presented

or considered in the same manner as before, we do not deem it necessary to determine them.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the complaint with leave to amend.

Filed June 20, 1894.