The Baltimore and Ohio Southwestern Railway Company *v.* Young.

---

THE BALTIMORE & OHIO SOUTHWESTERN RAILWAY COMPANY *v.* YOUNG.

[No. 17,931.    Filed December 4, 1896.]

PLEADING.—*Complaint.—Necessary Allegations in Action for Negligence.*—A complaint for negligence to be sufficient, must allege the negligence of the defendant and the freedom of the plaintiff from negligence.

SAME.—*Proximate Cause.—Complaint.— Sufficiency Of.*—To constitute a good complaint in an action for negligence, it must affirmatively appear from the facts pleaded that the negligence of the defendant was the proximate cause of the injury.

RAILROAD CROSSING.—*Failure to Give Signals at Crossing.—Collision.—Proximate Cause.—Sufficiency of Complaint.*—A complaint, for personal injuries received at a railroad crossing by reason of the failure of defendant to give signals, which fails to allege that plaintiff could have heard the signals if given, or that if he had heard them before going upon the track he could have avoided the collision, is bad for its failure to allege that the injury was due to the omission of defendant to give signals.

From the Sullivan Circuit Court. *Reversed.*

*W. H. DeWolf, W. R. Gardiner, J. T. Hays,* and *E. W. Strong,* for appellant.

*Geo. G. Reily* and *J. W. Emison,* for appellee.

HACKNEY, J.—The appellee sued and recovered for personal injuries sustained by him in a collision of a train with his wagon at the crossing of a highway and the railway of the then Ohio & Mississippi Railway Company, since consolidated with other companies, and constituting the appellant.

The complaint alleged that the crossing was upon a sharp descending grade, and the railway for a half mile north of the crossing ran through a cut thirty feet deep; that two hundred feet east of the highway and within twenty feet of the railway was a large, tall frame building which obstructed a view to the railway by persons upon the highway approaching the crossing towards the east; that the highway for the distance of a quarter of a mile before reaching the crossing, as he was going, was much lower than the railway at the crossing; that by reason of said conditions a train approaching said crossing from the northeast could not be seen within a quarter of a mile of said crossing, nor until the intersection was reached by one traveling in the direction in which the appellee was driving. It was alleged that the appellee was familiar with the regular time of trains upon the road; that as he approached the crossing it was not the time for a train at that point, and he had no notice or knowledge that a train would then pass said crossing; that "as he was carefully and prudently driving along said highway * * * approaching said railway at said crossing, he listened and looked carefully for a train, but heard none; that no bell was rung nor whistle blown, nor signal of any kind given, and he drove along said highway and upon said crossing at the place aforesaid, whereupon a long heavy passenger train of cars, running at the rate of sixty miles an hour, without any notice of warning as aforesaid, ran against and upon him, in his wagon," inflicting

the injuries complained of, "through no fault or negligence on his part."

The appellant insists that its demurrer to the complaint should have been sustained, and the contention is now made that it was insufficient in its allegations of negligence and of the absence of contributory negligence on the part of the appellee, and that it failed to allege facts disclosing that the negligence of the company was the proximate cause of the injury.

It is the general rule in actions for negligence, and it is the rule in cases of the character of the present, that at least three propositions must concur before a liability arises: negligence on the part of the defendant, such negligence is the proximate cause of the injury complained of, and the negligence of the person injured does not contribute to the injury. *Cincinnati, etc., R. W. Co.* v. *Duncan, Admr.*, 143 Ind. 524; *Lake Erie, etc., R. R. Co.* v. *Stick*, 143 Ind. 449; *Faris* v. *Hoberg*, 134 Ind. 269; 16 Am. and Eng. Ency. of Law, p. 422; Elliott on Railroads, sections 1155, 1156; *Pittsburg, etc., R. W. Co.* v. *Conn*, 104 Ind. 64; *Corporation, etc.*, v. *Mathews*, 92 Ind. 213; *Ohio, etc., R. W. Co.* v. *Engrer*, 4 Ind. App. 261; *Peerless, etc., Co.* v. *Wray*, 10 Ind. App. 324; *Chicago, etc., R. R. Co.* v. *McKean*, 40 Ill. 218; *Cosgrove* v. *New York, etc., R. W. Co.*, 13 Hun. 329; *Barringer* v. *New York, etc., R. R. Co.*, 18 Hun. 398.

It has been so many times held that a complaint for negligence, to be sufficient, must allege the negligence of the defendant and the freedom of the plaintiff from negligence, that we need not cite authority upon the question of pleading, with reference to these two elements. We are not impressed with the claim that with reference to these two elements of the case the complaint is insufficient. The allegations of failure to give signals of the approach of the train to the

crossing of the highway are sufficient, we have no doubt, to disclose the violation of a duty expressly enjoined by statute. Burns' R. S. 1894, sections 5307, 5308 (R. S. 1881, 4020, 4021).

The general allegation of freedom from fault on the part of the appellee has always been held sufficient in this State. The cases holding this rule have been fully collected in a note to Vol. 5, Ency. Pl. and Pr., p. 7. Nor do we agree with counsel for the appellant that the particular allegations as to the care exercised by the appellee are at variance with the general allegation of freedom from negligence. We may suggest, however, that if the sufficiency of the complaint rested upon the particular allegations of care on his part it would be very doubtful if it would be sufficient. As to the essential element of liability that the negligence of the defendant shall be the proximate cause of the injury, it has been specially held, as a question of pleading, that the fact must affirmatively appear to constitute a good complaint. *Pittsburg, etc., R. W. Co.* v. *Conn, supra; Corporation, etc.,* v. *Mathews, supra; Ohio, etc., R. W. Co.* v. *Engrer, supra; Peerless, etc., Co.* v. *Wray supra; Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322; *Evansville, etc., R. R. Co.* v. *Krapf, Admr.,* 143 Ind. 647.

With reference to this element of liability, it is said, in Elliott on Railroads, *supra:* "The rule supported, we think, by the weight of authority is that one who violates the law is a wrongdoer, that ordinarily, the omission of the statutory duty is negligence *per se,* and that where the omission is established, such negligence arises as a matter of law, but such omission by no means conclusively establishes the company's liability, for the injured party must have been free from fault, and the negligence of the company must have been the proximate cause of his injury in order

to enable him to recover," citing many authorities. Again it is said, in the same section: "In no event is the omission to give the statutory signals sufficient of itself to make out a case, for there must be evidence showing that it was the proximate cause of the injury."

In the complaint before us there is no allegation supplying this element of the liability sought to be enforced. To hold the complaint sufficient we would be required to infer from the alleged negligence of the company, the generally alleged care of the appellee, and his injury from the collision that the company's negligence was the cause of the injury. Such an inference does not necessarily arise from the facts mentioned. Like facts were alleged in *Pittsburg, etc., R. W. Co.* v. *Conn, supra,* and this court refused to draw this inference, and in *Pennsylvania Co.* v. *Gallentine, supra,* the complaint was held to be insufficient because it failed to show "that the injury was caused by, or resulted from, the negligence of the defendant."

In *Chicago, etc., R. W. Co.* v. *McKean, supra,* it was said of a statute requiring signals at crossings, similar to our statute, *supra,* that "It is very evident the legislature did not intend to declare, nor have they so declared, that this omission of duty shall, *per se,* render them liable to damages for injuries. The injury must be shown, by circumstances at least, to have been the consequence of, or caused by, such neglect."

In *Barringer* v. *New York, etc., R. W. Co., supra,* and in *Cosgrove* v. *New York, etc., R. W. Co., supra,* it was held that the failure to give signals, the injury of the party and his freedom from negligence did not justify a recovery if the collision was from his inability to control his horse. It is said: "In such case the plaintiff cannot recover, not because the deceased was guilty of contributive negligence, but simply because

his death was not caused by the negligence of the defendant."

In *Evansville, etc., R. W. Co.* v. *Krapf, supra,* a complaint for negligence was held bad for a failure to allege facts from which it could be inferred that the injury would not have happened but for the negligence of the defendant.

Under the rule in that case, the complaint before us is bad. There is no allegation that the appellee could have heard the signals if given, nor that he could have avoided the collision if he had heard them before going upon the track. There is not even the general statement that the collision or injury was due to the omission of the company to give signals. We are not here dealing with the manner in which the fact should be alleged, but the question decided is that the complaint has no allegation of fact requiring the inference that the alleged negligence of the company was the proximate cause of the injury.

The lower court, therefore, erred in overruling said demurrer, and the judgment is reversed, with instructions to sustain said demurrer.