McElwaine-Richards Co. v. Wall.

| | |
|---|---|
| 159 | 557 |
| 160 | 437 |
| 159 | 557 |
| 162 | 248 |
| 159 | 557 |
| 163 | 48 |
| 163 | 294 |
| 159 | 557 |
| 164 | 359 |
| e164 | 534 |
| 164 | 647 |
| p164 | 650 |
| 159 | 557 |
| 165 | 300 |
| 165 | 672 |
| 159 | 557 |
| s166 | 269 |
| ·167 | 85 |
| 168 | 660 |
| 159 | 557 |
| 169 | 680 |
| f170 | 378 |
| 159 | 557 |
| 171 | 313 |
| 171 | 651 |

## The McElwaine-Richards Company v. Wall.

[No. 19,854. Filed December 16, 1902.]

Appeal.—*Failure of Appellee to File Brief.—Record.—Rules.*—In the absence of a brief by appellee, the Supreme Court, under its rule twenty-two, will treat as conclusive the statement in appellant's brief in reference to the record. *pp. 558, 559.*

Pleading.—*Sufficiency.—Inferences.*—A court in dealing with evidence may be justified in drawing inferences from certain items of evidence, but where the question involved pertains to the sufficiency of a pleading, inferences will not be resorted to. *p. 561.*

Negligence.—*Unsafe Working Place.—Complaint.—Inferences.*—In an action against an employer for personal injuries caused by the turning of a plate or chord in a partially constructed building on

which plaintiff was working, the complaint must allege directly, and not by way of inference, the negligent construction of the plate. *p. 562.*

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by John Wall against the McElwaine-Richards Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*E. E. Stevenson, George Shirts, W. R. Fertig, R. B. Beauchamp* and *R. H. Proctor,* for appellant.

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellee.

JORDAN, J.—This action was instituted by appellee in the Hamilton Circuit Court, and thereafter venued to the Tipton Circuit Court. The purpose of the suit is to recover damages for personal injuries alleged to have been sustained by appellee while in the employ of appellant on October 21, 1899, at the city of Noblesville, on account of the turning of a chord of a truss upon which he was standing engaged at work at the time of the alleged accident. A trial resulted in appellee being awarded, by the general verdict of the jury, damages in the sum of $3,000, and over appellant's motion for a new trial judgment was rendered thereon.

The errors assigned relate to the overruling of the demurrer to the complaint for insufficiency of facts, and in overruling the demurrer addressed to each of three paragraphs of the complaint on the ground that neither of said paragraphs stated a cause of action, and in denying the motion for a new trial.

We have not been favored with a brief on the part of appellee in this appeal. It appears, however, that after some twenty days or more beyond the time allowed under rule twenty-one pertaining to the Supreme and Appellate Courts for appellee to file a brief, he applied to the Appel-

late Court, wherein this cause was then pending, for an extension of time in which to file his brief. His application was denied by that court for the reason, we may presume, if for no other, that it had not been seasonably made. Therefore, in the absence of any brief on appellee's part, there is nothing to controvert or dispute the statement made by appellant's counsel in accordance with rule twenty-two, whereby they set forth such parts of the record which, as they claim,. present the error or errors relied upon for a reversal. Under rule twenty-two this statement is required to be taken or accepted as accurate and sufficient for a full understanding of the questions presented for decision, "unless the opposite party in his brief shall make necessary corrections or additions." The evident purpose of rules twenty-two and twenty-three in requiring that the appellant and appellee shall make the respective statements therein mentioned, was to relieve the court of the labor of searching the record in order to ascertain whether the errors complained of are sustained thereby.

It will be observed that rule twenty-three exacts of the appellee the duty in his brief to point out any omissions or inaccuracies in the statement made by appellant in respect to the record. It is evident, therefore, that these respective rules subserve another important purpose in the furtherance of business pending in this court; that is, that all of the members thereof will be enabled to consider the errors involved through and by means of an examination of the respective briefs, without necessarily being required to resort to an inspection of the transcript. In the absence of a brief on appellee's part in this appeal, the statements made by appellant in his brief in respect to the complaint and other portions of the record stand undisputed, and we, in obedience to the rule in question, must treat and consider·the same as accurate and true, and are not required to examine the record in order to discover if there are any omissions or inaccuracies in such statement; for this duty,

under the rule, is expressly imposed upon the appellee, and not on the court.

Appellant's statement of the record discloses that the first paragraph of the complaint alleges that the plaintiff was employed by the defendant as a common laborer to work on the building; that he was inexperienced, and not a skilled workman, and of this fact the defendant had knowledge; that on or about October 21, 1899, while the plaintiff was so employed about the building, defendant's superintendent "carelessly and negligently ordered him to climb upon a plate or chord constituting a part of the building,—which order plaintiff was bound to obey,—and to throw down some planks or boards; that the plaintiff did not assist in constructing the chord, and did not know how it was placed and held in position, and did not know how it should be held or fastened in position; that he did not know of the unsafe condition of said chord or plate, or that the same was not properly fastened and tied in position; that the defendant and its said superintendent knew at the time plaintiff was ordered upon said plate or chord to throw down said planks or boards that said plate or chord was not tied and fastened and was unsafe to go upon, and was liable to turn or fall when said boards or planks were thrown down, and to throw plaintiff off and fall upon and injure him," etc. After the averment of these facts it is alleged "that while plaintiff was in the performance of his work in throwing down said planks or boards, and while exercising due care and diligence, said plate or chord suddenly, without any warning whatever, turned and fell and threw plaintiff violently to the ground, thereby injuring him," etc. These are all of the facts, as we take them from the statement of appellant, which can be said to show that appellant, as the master, had violated some duty which he owed to appellee as its servant. When reduced to a simple proposition they may be said to show: (1) That appellee was an unskilled or inexperienced workman, of which fact

appellant had knowledge; (2) that appellant's superintendent "carelessly and negligently" ordered appellee to climb upon a plate or chord constituting a part of the building to throw down some planks or boards, which order, as alleged, he was bound to obey; (3) that he did not know of the unsafe condition of the plate or chord; (4) that appellant and the superintendent did know that the chord or plate in question was unsafe. It will be observed that there is no direct or positive averment which discloses that the chord was in any manner unsafe or improperly constructed, or that the place where appellee was directed to go was one of danger; but the condition of the chord, to the turning of which the accident is attributed, is left wholly to inference or surmise. The bare averments that appellee was negligently ordered to go upon the chord or plate to throw down some boards, and that he did not know that the chord was unsafe, but that appellant was aware of that fact, are certainly not sufficient, under the circumstances, to charge appellant with actionable negligence. From the two facts, as averred, that appellee did not know that the chord was unsafe, but that appellant did know it was unsafe, the ultimate or issuable fact that the chord or plate in question was unsafe, is left to be inferred. The question with which we have to deal is not one in regard to evidence, but one which relates to pleading. While a court in dealing with evidence may be justified in drawing inferences from certain items of evidence, still it is not warranted in resorting to inferences or deductions where the question involved pertains to the sufficiency of pleading; for the rule recognized at common law and by our code affirms that material facts necessary to constitute a cause of action must be directly averred, and can not be left to depend upon or to be shown by mere recitals or inferences. *Avery* v. *Dougherty,* 102 Ind. 443, 52 Am. Rep. 680; *Erwin* v. *Central Union Tel. Co.,* 148 Ind. 365, and cases cited.

A plaintiff who seeks to recover on the ground of negligence, among other things, is required in his complaint sufficiently to allege actionable negligence on the part of the defendant. *Baltimore, etc., R. Co.* v. *Young,* 146 Ind. 374, and cases cited.

It is evident that the pleading in question does not respond to the requirements of the rules which we assert, for there is an entire absence of any positive or direct charge to show that the chord of the truss which turned and threw appellee to the ground was unsafe or defective, or that the place to which he was directed to go and engage in throwing down boards was one of danger. The paragraph, at least for the reasons stated, was insufficient on demurrer. From the statements made by appellant's counsel, the second paragraph of complaint is open to the same objections imputed to the first, and at least for the same reasons is bad.

. The judgment is therefore reversed, and the cause remanded to the lower court, with instructions to sustain the demurrer to the first and second paragraphs of the complaint, with leave to appellee, if requested, to amend his complaint.