## BREWER ET AL. *v.* BRIDGES, TREASURER.

[No. 20,449. Filed March 14, 1905.]

1. APPEAL AND ERROR.—*Supreme Court Rules.—Briefs.—Facts Admitted.*—A statement of fact made in appellant's brief, unless denied by appellee in his brief, will be taken as correct. p. 359.

2. MUNICIPAL CORPORATIONS.—*Taxation.—Water and Light.—Time of Levy for.*—Taxes for the payment of water and light can not be levied by a municipal corporation in advance of a contract therefor, and if so levied, may be enjoined. p. 359.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Harvey Brewer and others against William A. Bridges as treasurer of Johnson county. From a decree for defendant, plaintiffs appeal. *Reversed.*

*Branigin & Williams* and *E. A. McAlpin,* for appellants. *D. Dobbins* and *Deupree & Slack,* for appellee.

MONKS, J.—Appellants, citizens and taxpayers of the town of Greenwood, brought this action against appellee, as treasurer of Johnson county, to enjoin the collection of cer-

tain taxes levied by the board of trustees of said town in 1901, under §§4362, 4393a Burns 1901, Acts 1893, p. 191, Acts 1897, p. 263, for the purpose of lighting the streets of said town with electric lights and supplying said town with water for fire protection and other purposes. A trial of said cause resulted in a finding in favor of appellee, and, over a motion for a new trial, judgment was rendered against appellants.

1. The error assigned calls in question the action of the court in overruling the motion for a new trial. It is stated in appellants' brief that the contract of said town for lighting its streets with electric lights, and the contract for furnishing the town with water for fire protection and other purposes, were made after the said taxes for that purpose were levied in 1901. As appellee has not questioned the correctness of this statement it will, under the fifth clause of rule twenty-two, be taken to be correct. *Pittsburgh, etc., R. Co.* v. *Seivers* (1904), 162 Ind. 234, 247, 248; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557.

2. The only power conferred by §§4362, 4393a, *supra,* under which said taxes were levied by the trustees of said town, is to levy said taxes after the contract for lighting the streets and the contract for water for fire protection were made. No power is given to levy the same before the contracts are made. Said taxes having been levied in 1901, before said contracts were made, were void.

It follows that the court erred in overruling appellants' motion for a new trial. Judgment reversed, with instructions to sustain the motion for a new trial, and for other proceedings not inconsistent with this opinion.