## SOUTH BEND CHILLED PLOW COMPANY v. CISSNE.

[No. 4,859. Filed May 9, 1905.]

1. PLEADING.—*Complaint.*—*Negligence.*—*Master and Servant.*—*Safe Place.*—A complaint by the servant against his master for damages for personal injuries on account of negligence in failing to provide a safe place in which to work, must show that it was such servant's duty to go into or work in such unsafe place. p. 376.

2. SAME.—*Inferences to Supply Material Facts.*—Courts can not draw inferences from general allegations in a pleading in order to supply material facts. p. 376.

3. PLEADING.—*Awkward Statement of Facts*.—Where a pleading fairly, though awkwardly, states the material facts, it will be sustained as against a demurrer. p. 376.

4. NEGLIGENCE.—*Elements of*.—Actionable negligence consists of three elements: (1) A duty on the part of defendant to protect plaintiff from the injury; (2) a failure by defendant to perform that duty, and (3) an injury to plaintiff on account of such failure. p. 377.

5. PLEADING.—*Construction of*.—A pleading must be construed according to its material and leading allegations, and from its general scope and tenor. p. 377.

6. SAME. — *Complaint. — Safe Place. — Overtaxing Floor Space With Manufactured Products*.—A complaint by the servant against his master for negligence in overtaxing the floor space of his plant with the manufactured product must show that such a quantity of goods was stored that, if piled with ordinary care, it could reasonably be foreseen that some injury would probably result therefrom. p. 378.

7. SAME.—*Negligence.—Proximate Cause*.—In a complaint for negligence such facts must be averred as show by way of cause and effect that defendant's negligence caused plaintiff's injuries. p. 379.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by Oliver H. Cissne against the South Bend Chilled Plow Company. From a judgment on a verdict for plaintiff for $3,500, defendant appeals. *Reversed.*

*Anderson, Du Shane & Crabill* and *Hubbard & Hubbard,* for appellant.

*Meyer & Drummond,* for appellee.

MYERS, J.—The amended complaint in this action, as stated by the appellee (plaintiff), avers: "The above-named plaintiff complains of the above-named defendant, and says: That on the 21st day of January, 1901, he was employed by said defendant in the use of a truck in propelling the same from place to place in the factory of said defendant in the city of South Bend, Indiana; that said truck was provided with screws and bolts, which said screws and bolts said plaintiff was required, as a part of his employment, to keep tight in place; that, while in the use of said truck aforesaid in said factory on said day, a bolt on said truck became loose, and said plaintiff was

then and there engaged in his work as aforesaid, and was preparing to fasten said bolt pursuant to said employment; that said plaintiff at said time of said preparation to tighten and fasten said bolt was at and near a certain pile of manufactured ware, which was the product of said factory and manufactured ware of said defendant; that said defendant at said time and place carelessly and negligently failed to provide a safe working place for said plaintiff by then and there carelessly and negligently failing to provide sufficient space in which to pile said manufactured ware, thus compelling the same to be piled to a great height; that said pile was, by reason of the lack of space as aforesaid, then and there of great height and top-heavy, and made liable to topple over and fall upon plaintiff or any other person while at work in said place, and was then and there negligently caused to be so piled and constructed by the defendant. Plaintiff avers that the manner in which said manufactured ware was piled as aforesaid was not apparent to plaintiff, and he did not know that said place was dangerous and unsafe, and that said pile was top-heavy and liable to fall as aforesaid, at the time he was at work as aforesaid, pursuant to his employment; that the defendant knew that said place was an unsafe place to work and dangerous to the plaintiff at said time; that said pile of manufactured ware, by reason of the negligence of defendant as aforesaid, in failing to provide sufficient space and room for its piling, was then and there thrown and precipitated upon this plaintiff, so that said plaintiff thereby became seriously injured and hurt, and by reason of defendant's negligence as aforesaid plaintiff lost his right leg, and was compelled to have the same amputated, and suffered great physical pain and mental anguish, and is permanently injured and deformed." Appellant demurred to this complaint for want of facts, which demurrer was by the court overruled, and exception reserved. Other proceedings were had leading up to the submission of this

cause to a jury for trial. Finding and judgment for the appellee.

1.    The first question presented is: Does the complaint state facts sufficient to constitute a cause of action? The complaint proceeds upon the theory of an unsafe place to work, made so by lack of space in which to pile the manufactured ware of appellant. The complaint is fatally defective, and the demurrer should have been sustained. Nowhere in the pleading do we find a direct averment that in the preparation appellee was making to tighten the bolt, or in performing the work of propelling the truck from place to place in appellant's factory, was he required to go near or about the pile of ware which fell and caused the injury about which he complains. If the allegations of the complaint were otherwise sufficient to charge appellant with not providing a reasonably safe place to work, yet, unless it was the duty of appellee and within the scope of his employment to go into or work in the place made unsafe by appellant's negligent acts, appellant would owe him no duty to protect him from injury received at a place he may have entered out of curiosity, or other reason best known to himself.

2.    The settled rules of law prohibit us from drawing inferences or deductions from general allegations of a pleading in order to supply a material fact. We are to deal only with the language employed by the pleader, and from such language such material facts must be found as will, under the settled rules of law governing cases of this kind, be sufficient to make a paper case.

3.    It has been said by this court that in construing a pleading the language employed by the pleader is to be given "a reasonable intendment" (*Morris* v. *Ellis* [1897], 16 Ind. App. 679); that is to say, when the words, although awkwardly used by the pleader, fairly state the material facts sufficient to constitute a good pleading, the pleading will be upheld, but if the language used requires the court

to resort to inferences and deductions, and only by the drawing of such inferences and deductions can the pleading be sustained, it will be held to be insufficient on demurrer.

In *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, the court said: "While a court in dealing with evidence may be justified in drawing inferences from certain items of evidence, still it is not warranted in resorting to inferences or deductions where the question involved pertains to the sufficiency of pleading; for the rule recognized at common law and by our code affirms that material facts necessary to constitute a cause of action must be directly averred, and can not be left to depend upon or to be shown by mere recitals or inferences. *Avery* v. *Dougherty* [1885], 102 Ind. 443, 52 Am. Rep. 680; *Erwin* v. *Central Union Tel. Co.* [1897], 148 Ind. 365, and cases cited. A plaintiff who seeks to recover on the ground of negligence, among other things, is required in his complaint sufficiently to allege actionable negligence on the part of the defendant. *Baltimore, etc., R. Co.* v. *Young* [1896], 146 Ind. 374, and cases cited."

4. In the case of *Faris* v. *Hoberg* (1893), 134 Ind. 269, 39 Am. St. 261, the court said: "In every case involving actionable negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; and, (3), an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient."

5. It is a settled rule of law in this State that a pleading is to be tested by the material facts directly stated, and, in the absence of such facts, the pleading can not be upheld

by inferences drawn from the pleader's conclusions. *Davis v. Clements* (1897), 148 Ind. 605, 62 Am. St. 539, and cases cited; *Standard Cement Co.* v. *Minor* (1901), 27 Ind. App. 479.

Appellee says: "The proximate cause of the injury was the lack of space in which to pile the wheels. The high pile and the falling were a sequence to the lack of space. If the space had been sufficient, injury to appellee would not have occurred." The theory of a pleading is determined by its principal and leading allegations, and from its general scope and tenor, and by that theory alone it must stand or fall regardless of its sufficiency upon some other hypothesis. *Aetna Powder Co.* v. *Hildebrand* (1894), 137 Ind. 462, 473, 45 Am. St. 194; *Copeland* v. *Summers* (1894), 138 Ind. 219; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613; *Cleveland, etc., R. Co.* v. *Stewart* (1900), 24 Ind. App. 374; *Pennsylvania Co.* v. *Walker* (1902), 29 Ind. App. 285.

6. We are not advised by the complaint of the character of ware manufactured by appellant, but it would hardly be considered a wild presumption to presume that the space provided by appellant was sufficient to hold a certain quantity of its manufactured ware without any danger of falling and thereby injuring persons employed thereabouts. Therefore it seems to us, that, before the lack of space could be the proximate cause of the injury, facts should be averred showing such a quantity of its ware placed in said space as, if piled with reasonable care, under all the circumstances there existing, a person of ordinary intelligence ought to foresee the probable consequence of what should be shown to be an overtaxing of such space. If the space was made insufficient by the negligent manner in which the ware was piled, then certainly it could not be claimed that the lack of space was responsible for the injury, but on the contrary, the negligent piling of the ware would be the proximate cause of such injury.

7. In cases like the one under consideration it must appear, from the material facts directly averred in the complaint, that there was some connection, in the way of cause and effect, between the acts of negligence charged and the injury, or that such negligent acts of omission or commission on the part of the party charged resulted in the injury complained of, and which result was the consequence of such negligent acts. *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95; *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64; *Cole Bros.* v. *Wood* (1894), 11 Ind. App. 37; *Alexandria Mining, etc., Co.* v. *Irish* (1896), 16 Ind. App. 534; *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308.

Judgment reversed, with instructions to permit appellee to amend his complaint.