## CITY OF INDIANAPOLIS *v.* SLIDER.

[No. 7,265. Filed June 8, 1911.]

1. MUNICIPAL CORPORATIONS. — *Liability for Negligence.* — Cities have no statutory liability for defects and dangers in streets, but they are liable for negligence in the maintenance thereof. p. 41.

2. NEGLIGENCE.—*Proximate Cause.*—Negligence to be actionable must be the proximate cause of the injury complained of. p. 41.

3. NEGLIGENCE.—*Proximate Cause.—Definition.*—The proximate cause of an injury is that cause which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, and without which the injury would not have happened. p. 42.

4. DAMAGES.—*Negligence.*—The damages recoverable in a negligence case are those which flow proximately from the negligence alleged. pp. 42, 43.

5. PLEADING.—*Certainty.*—*Complaint.*—The same certainty in a complaint is required by the code, as by the common law; and a plaintiff will be presumed to state his cause of action as strongly as the facts warrant. p. 42.

6. MUNICIPAL CORPORATIONS.—*Streets.*—*Dead Trees.*—*Negligence.* —*Complaint.*—A complaint alleging that defendant city "authorized, permitted, and negligently allowed a dead, rotten and decayed tree to stand * * * between the sidewalk and the roadway of said [Pennsylvania] street * * * four weeks after it had notice of its dangerous condition * * * without placing around it, or at it, any safeguards or railings to give notice of its dangerous character * * *; that the plaintiff * * * was lawfully walking upon said sidewalk, and without any notice of the dead, rotten and decayed character of said tree, or its dangerous nature * * * and in the use of all due care, when said dead, rotten and decayed tree fell with great force and violence upon" her, to her damage, is bad, since it fails to show that the tree fell because it was dead, rotten and decayed. p. 42.

7. NEGLIGENCE.—*Complaint.*—A complaint for negligence is bad where it fails to connect the injury with the negligence. p. 43.

From Superior Court of Marion County (73,017); *James M. Leathers,* Judge.

Action by Ida Slider against the City of Indianapolis. From a judgment on a verdict for the plaintiff for $1,200, defendant appeals. *Reversed.*

*Frederick E. Matson, James D. Peirce* and *Crate D. Bowen,* for appellant.

*George Burkhart,* for appellee.

ADAMS, J.—Appellee recovered judgment against appellant for damages growing out of injuries alleged to have been received by the falling of a dead and decayed tree, located within the limits of a street of the appellant city.

The complaint, as originally filed, was in three paragraphs. A demurrer was sustained to the second and third paragraphs, and overruled as to the first. Upon motion of appellee, and by leave of court, the first paragraph of

complaint was amended, to which paragraph, as amended, appellant demurred for want of facts sufficient to constitute a cause of action, which demurrer was overruled, and the cause put at issue by answer in general denial. Upon the issue thus formed, the cause was submitted to a jury, and a verdict returned for appellee. Motion for a new trial was overruled, and judgment rendered upon the verdict.

The sufficiency of the complaint to withstand a demurrer for want of facts is the first and controlling question presented by the assignment of errors.

The amended complaint, omitting the caption and conclusion, is as follows: ''That the city of Indianapolis is a municipal corporation, incorporated under the laws of the State of Indiana; that North Pennsylvania street is one of the public streets within the corporate limits of said city; that it is the duty of said city to keep its streets and sidewalks in a safe condition for travel. Yet said city, in violation of said duty, as aforesaid, authorized, permitted and negligently allowed a dead, rotten and decayed tree to stand near the sidewalk on the east side of said street, between Vermont and East New York streets, and between the sidewalk and the roadway of said street; that defendant city negligently allowed, permitted and authorized said dead, decayed and rotten tree so to stand and remain near said sidewalk for a long period of time, to wit, four weeks, after it had notice of its dangerous condition, or by the exercise of reasonable care could have known of its dangerous condition; that said defendant city could, by the exercise of reasonable diligence, have removed said tree within said period of four weeks; that said defendant, with full knowledge of the dangerous nature of said tree, negligently and carelessly allowed it so to stand, without placing around it, or at it, any safeguards or railings to give notice of its dangerous character, and to prevent persons who might walk upon said sidewalk from being damaged or injured;

that defendants knew, or by the exercise of reasonable care
could have known, of the dead, decayed and rotten charac-
ter of said tree; that plaintiff, on October 8, 1906, as afore-
said, was lawfully walking upon said sidewalk, and without
any notice of the dead,. rotten and decayed character of
said tree, or its dangerous nature, and without negligence,
and in the use of all due care, when said dead, rotten and
decayed tree fell with great force and violence upon this
plaintiff, by reason whereof plaintiff was injured in this,
to wit, she was knocked unconscious, her back was torn,
lacerated and bruised, the ligaments of her back were torn,
wrenched and permanently injured, her nervous system was
shocked and permanently injured, she suffered other se-
rious and permanent injuries, and she suffered great pain
and mental anguish, and at all times continues to suffer
great pain and mental anguish, all on account of which she
was confined to her bed many weeks, and was compelled to
expend large sums of money for doctor bills and nurse hire,
and was prevented from working for a long time; that she
has suffered and continues to suffer great pain and mental
anguish on account of said injuries.''

There is no statutory liability in this State against cities
for injuries growing out of defects and dangers in public
streets. Cities are, however, required to respond in
1. damages to one injured in such public place, but
where a liability is claimed, it must be predicated
upon negligence imputed to the city for failure to keep its
streets in safe condition for travel. *Grove* v. *City of Fort
Wayne* (1874), 45 Ind. 429, 15 Am. Rep. 262.

Negligence of any kind, to furnish the foundation of an
action for damages, must be the proximate cause of
2. the injury complained of, the maxim of the law be-
ing *causa proxima, non remota, spectatur.* 1 Thomp-
son, Negligence (2d ed.) §44.

Proximate cause must be taken to mean that which in a

natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which the event would not have occurred. 1 Shearman & Redfield, Negligence (5th ed.) §26.

"It is an undisputed rule of law in cases of this kind that recoverable damages are confined to those which flow from damages that are traceable directly and proximately to the negligence of the defendant." *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 136. See, also, *Sirk* v. *Marion St. R. Co.* (1895), 11 Ind. App. 680, 682; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236.

The rule of pleading at common law is that the facts must be set forth with certainty, by which is meant a clear and distinct statement of the facts which constitute the cause of action or the ground of defense; and, by the repeated decisions of this State, the same degree of certainty in pleading is required under the code as at common law. A plaintiff will be presumed to state his case as strongly as the facts warrant, and courts are not justified in resorting to inferences, where the question involved pertains to the sufficiency of the pleading. The material facts necessary to constitute a cause of action must be directly averred, and cannot be left to depend upon or to be shown by mere recitals or inferences. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257; *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind. 365; *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374, 377; *Avery* v. *Dougherty* (1885), 102 Ind. 443, 449; *Ohio, etc., R. Co.* v. *Engrer* (1892), 4 Ind. App. 261, 263; *Peerless Stone Co.* v. *Wray* (1894), 10 Ind. App. 324, 325.

In the complaint before us, the negligence of appellant in permitting a dead and decayed tree to stand in a public thoroughfare is sufficiently shown by direct averments. The injury to appellee, caused by the

falling of the tree and the damages resulting, is likewise shown by direct averments. But it does not appear from any averment in the complaint that the tree fell by reason of its dead and decayed condition, and no causal connection is disclosed between the negligence charged and the injury suffered. The negligence of appellant is not averred to have been the direct and proximate cause of the injury to appellee.

4. It is the settled law of this State that where an action for damages is founded upon negligence, the negligent acts must be the direct and proximate cause of the injury, and where the complaint fails to connect the negligence with the injury, it will be held bad on demurrer for want of sufficient facts. *City of Logansport* v.

7. *Kihm* (1902), 159 Ind. 68; *Pittsburgh, etc., R. Co.* v. *Conn* (1885), 104 Ind. 64, 68; *Corporation of Bluffton* v. *Mathews* (1883), 92 Ind. 213, 216; *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 574, 36 Am. Rep. 188; *Pennsylvania Co.* v. *Gallentine* (1881), 77 Ind. 322, 325; *City of Greencastle* v. *Martin* (1881), 74 Ind. 449, 457.

Upon the authority of the foregoing cases, we are compelled to hold that the complaint before us does not state facts sufficient to constitute a cause of action, and that the trial court erred in overruling the demurrer thereto.

The judgment is therefore reversed, with instructions to the trial court to sustain the demurrer to the complaint, with leave to amend.