## CITY OF INDIANAPOLIS v. SLIDER.

[No. 8,332.   Filed May 1, 1914.]

1. MUNICIPAL CORPORATIONS.— Defective Streets.— Action.— Complaint.—Knowledge of Defect.—In an action against a city for personal injuries from the falling of a tree, a complaint alleging the location of the tree and its rotten condition, that defendant had full knowledge of its dangerous condition and could have known of its dangerous condition by the exercise of reasonable care, that defendant negligently allowed it to stand for four weeks after obtaining such knowledge, and that by the exercise of reasonable care it could have been removed within that time, was sufficient to justify the admission of evidence that the defects were open and obvious and capable of being discovered by the exercise of due care, or that defendant had actual notice of the dangerous condition.   p. 232.

2. MUNICIPAL CORPORATIONS.— Defective Streets. — Evidence. — Latent Defects.—In an action against a city for personal injuries from the falling of a tree, evidence of several witnesses that they had often passed the tree and had not noticed its defective condition did not conclusively establish that the defect was latent and that its condition could not have been discovered by those charged with the duty of keeping the streets safe.   p. 233.

3. MUNICIPAL CORPORATIONS. — Streets and Sidewalks. — Duty to Keep in Safe Condition.—It is the duty of a city to use reasonable care to keep its streets and sidewalks in a safe condition for use, and persons using the same are not required to inspect them, but may rely on the city's performance of such duty, in the absence of knowledge.   p. 233.

City of Indianapolis *v.* Slider—56 Ind. App. 230.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.—Knowledge of Defects.—Evidence.*—In an action against a city for personal injuries from the falling of a tree, where there was evidence showing that for some time the tree had the appearance of being dead, that when it fell it broke and shattered, that the wood was rotten and would crumble in the hand, that the tree was hollow, and that long before the accident the tree inspector had recommended that the hollow be filled with cement, it cannot be said that the jury was unwarranted in finding the defects were sufficiently open and obvious to charge the city with constructive notice. p. 233.

5. MUNICIPAL CORPORATIONS.—*Streets and Sidewalks.—Duty to Keep in Safe Condition.*—The duty of a city to keep its streets and sidewalks in a safe condition for use is not limited to the surface thereof, but extends upward so as to impose a liability in favor of one using the street, who is injured by a defective condition above the surface of which the city has notice, such as a decayed tree. p. 234.

6. MUNICIPAL CORPORATIONS.—*Defective Streets.—Action for Injuries.—Instructions.*—In an action against a city for personal injuries from the falling of a tree, an instruction stating that in the event certain facts were proved, such facts would negative constructive notice of the defect on the part of the city and that it could not be charged with negligence, was properly refused, since the city would be liable if actual notice were proved, and there was not a total lack of evidence to show actual notice. p. 234.

From Superior Court of Marion County (73,017) ; *Joseph Collier,* Judge.

Action by Ida Slider against the city of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph B. Kealing, Merle N. A. Walker, Newton McGuire* and *Wm. E. Reiley,* for appellant.

*George Burkhart,* for appellee.

LAIRY, C. J.—This is the second appeal of this case. On the first appeal the judgment was reversed on the ground that the complaint was insufficient for failure to aver facts sufficient to show that the alleged rotten and decayed condition of the tree caused it to fall and injure appellee as alleged in the complaint. *City of Indianapolis* v. *Slider*

(1911), 48 Ind. App. 38, 95 N. E. 334. After the case was remanded for a new trial, an amended complaint was filed supplying the defects which occasioned the reversal on the first appeal. A demurrer was filed to this amended complaint and the only defects pointed out in the memorandum attached to the demurrer, relate to the sufficiency of the notice of the defective condition of the tree as charged against appellant. Appellant asserts that, if actual notice to the city is relied on, the complaint should state specifically the exact nature of the notice which was brought to the attention of the city; and that, if constructive notice is relied on, the complaint should state that the defective condition of the tree was open and obvious and had been so for such a length of time that notice would be imputed to the city.

After stating the rotten condition of the tree in question and pointing out the tree's location between the curb and sidewalk of Pennsylvania Street, the complaint alleges

1. in effect that the appellant had full knowledge of the dangerous condition of the tree and that it could have known of its dangerous condition by the exercise of reasonable care. It is also alleged that the appellant negligently and carelessly allowed the tree to stand for four weeks after it obtained such knowledge and that by the exercise of reasonable care it could have been removed within that time. These averments are sufficient to justify the admission of evidence to prove that the defects were open and obvious and capable of being discovered by the exercise of due care, or that actual notice of the dangerous condition of the tree was brought to the attention of the city. The complaint is not defective in the particulars pointed out.

The only other error relied on is the action of the court in overruling appellant's motion for a new trial. Under this assignment several questions are presented. The first question presented is that the evidence is not sufficient to show either actual or constructive notice to the city of the defective and dangerous condition of the tree in time to have

enabled the city to remove it before the injury occurred. Appellant contends that the evidence shows that the rotten condition of the tree was a latent defect which could not have been discovered by the exercise of ordinary care, and that, as no actual notice to the city is shown, there can be no recovery. The evidence on which appellant relies as establishing the fact that the defect was latent, is that of several witnesses, including the appellee, to the effect that they frequently on the sidewalk passed the tree and had not discovered that it was in a dangerous condition. This is not conclusive upon the question. It is the duty of the city to use reasonable care to keep the streets and sidewalks in a safe condition for use. Those who use the streets and sidewalks have a right to rely on the performance of this duty in the absence of knowledge to the contrary, and they are not required to inspect them to see that they are safe for use. The fact that a casual passerby did not discover that a pole or a tree which the city permitted to stand by the curb, was rotten and in a dangerous condition, would not conclusively establish the fact that such dangerous condition could not and should not have been discovered by the officers of the city whose duty it was to keep the streets safe. There is evidence in the record to the effect that the tree was dead and had the appearance of having been dead for some time, that it had few branches on it and that when it fell it broke and shattered, that an examination of the stump where it broke showed that the wood was very rotten and that it would crumble in the hand. There is also evidence that it was hollow and that the tree inspector in August before the accident in November had recommended that it be filled with cement. From such evidence we cannot say that the jury was not justified in finding that the defective condition of the tree was sufficiently open and obvious to charge the city with

constructive notice of its dangerous condition. As to whether the evidence is sufficient to justify a verdict on the ground of actual notice to the city we need not decide.

It has been held that the duty of a city in respect to keeping the streets safe is not limited to the surface thereof, but that it extends upward so as to impose a liability

5. in favor of one using the street, occasioned by the falling of a defective cornice which the city had permitted to project over the sidewalk from an adjoining building. *Grove* v. *City of Fort Wayne* (1874), 45 Ind. 429, 15 Am. Rep. 262. No reason has been suggested why the same rule should not require the city, after notice, to remove a dead and rotten tree standing within the limits of the street.

The court did not err in refusing to give instruction No. 8 tendered by appellant. This instruction, if given, would have told the jury that in case certain facts were

6. established as therein stated, such facts would negative constructive notice on the part of the city, and that the city could not be charged with negligence. The instruction is erroneous for the reason that the city might be held liable if actual notice were proven, even though constructive notice was not established. As we cannot say that there is a total lack of evidence as to actual notice, this instruction was properly refused.

We have examined the instructions given by the court and we find no reversible error. Judgment affirmed.

NOTE.—Reported in 105 N. E. 56. As to liability of municipal corporation for negligence in respect of condition of street, see 12 Am. St. 753. On the question of municipal liability for injury by trees in street, see 20 L. R. A. (N. S.) 607, 649; 39 L. R. A. (N. S.) 405. As to the liabilty of a municipality for injuries caused by the falling of a tree growing on the highway, see 16 Ann. Cas. 835; Ann. Cas. 1913 A. 787. See, also, under (1) 28 Cyc. 1469; (2, 4) 28 Cyc. 1498; (3) 28 Cyc. 1358, 1426; (5) 28 Cyc. 1379; (6) 28 Cyc. 1515.