Phylliss Reule, Appellee, v. City of Chicago, Appellant.

Gen. No. 35,719.

 Heard in the third division of this court for the first district at the February term, 1932. Opinion filed November 16, 1932.

WILLIAM H. SEXTON, Corporation Counsel, and ALEXANDER M. SMIETANKA, City Attorney, for appellant; E. A. MOYNIHAN and CARL J. APPELL, Assistant Corporation Counsel, of counsel.

EARL J. WALKER, for appellee.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

The plaintiff, Phylliss Reule, brought her action against the City of Chicago, a municipal corporation, in a plea of trespass on the case. The declaration charged that on March 6, 1929, the defendant was a municipal corporation and was possessed of and had control and supervision over a certain public sidewalk at or near the corner of Ashland avenue and Irving Park boulevard, two intersecting streets in the City of Chicago; that located upon said streets were certain trees overhanging the sidewalks and that the branches of these trees had become rotten and decayed, of which condition the defendant knew or should have known and that, by reason thereof, the sidewalk was rendered unsafe to pedestrians passing underneath the branches of said trees; that while the plaintiff, who was rightfully upon the street at the place aforesaid, was passing along said Ashland avenue and Irving Park boulevard at the intersection she was, through

no fault or want of care on her part, struck by one of the branches falling upon her and by reason thereof was greatly injured. The declaration also contained an averment that a notice in writing, as provided by law, was served upon the City of Chicago, giving the name of the person injured together with her address, the date and hour of the accident and the location at the corner of Ashland avenue and Irving Park boulevard in the City of Chicago. To this declaration the defendant filed a plea of the general issue and a trial was had resulting in a verdict in favor of the plaintiff and judgment upon the verdict in the amount of $10,000, from which judgment this appeal has been prayed and allowed to this court. A motion in arrest of judgment was made and overruled and it is argued here that the declaration was insufficient in that it failed to allege and prove that the plaintiff was in the exercise of due care and caution for her own safety at the time of the accident. No demurrer was filed to the declaration and it is the settled rule of this State that after verdict every intendment is in favor of the pleader and if there is anything in the declaration tending to show a necessary averment, it will be sufficient. The Supreme Court of this State in the case of *Gerke v. Fancher,* 158 Ill. 375, in its opinion, says:

"Before verdict the intendments are against the pleader, and upon demurrer to a declaration nothing will suffice, by way of inference or implication, in his favor. But on motion in arrest of judgment—and the same thing is true where the defect is sought to be availed of on error—the court will intend that every material fact alleged in the declaration, or fairly and reasonably inferable from what is alleged, was proved at the trial, and if, from the issue, the fact omitted and fairly inferable from the facts stated in the declaration may fairly be presumed to have been proved, the judgment will not be arrested."

The declaration contains the express averment that the accident happened by reason of the negligence of the defendant "through no fault or want of care on her part," meaning the plaintiff. We are of the opinion that this allegation is sufficient after verdict to support the declaration. It is not a statement of a mere conclusion of law, but is a statement of fact.

We cannot agree with the defendant that it owed no obligation to pedestrians using the street to protect them against injury from falling limbs of trees located on the highway. The Cities and Villages Act, Cahill's St. ch. 24, ¶¶ 65(7)–65(10), gave the power to the defendant to lay out, establish and improve streets and to plant trees upon the same. In the event any of such trees became a menace to pedestrians, by reason of becoming rotten or decayed, the city had the power to remove the same and was, moreover, under a duty and obligation so to do, if the circumstances warranted it. The duty to maintain its sidewalks in a reasonably safe and proper condition applies not only to the sidewalks, but as well to the trees located on the street, and this rule is recognized not only in this State but generally wherever cities are charged with the control of its streets and highways. *City of Mt. Carmel v. Shaw,* 155 Ill. 37; *City of Indianapolis v. Slider,* 56 Ind. App. 230; *Lundy v. City of Sedalia,* 162 Mo. App. 218.

From the facts it appears that the plaintiff lived at 4026 North Ashland avenue, a few doors north of Irving Park boulevard where the accident happened, and had resided at that address for several months prior to the happening of the accident. On the day in question plaintiff walked to the corner for the purpose of mailing a letter and while she was in the act of doing so, a limb from one of the trees, eight or nine inches in diameter, fell and struck her on the skull. There was evidence that the limb was decayed and

rotten, indicating that this condition had existed for a considerable length of time. There was testimony on behalf of the plaintiff that it was an ordinary windy March day. Defendant introduced the monthly weather report of the department of agriculture from which it appeared that the maximum wind velocity . was 39 miles per hour.

It is insisted that the plaintiff, by reason of her having lived in the neighborhood, was or should have been cognizant of the condition of the trees and that she was guilty of contributory negligence in passing under them under the circumstances in evidence. It is not negligence *per se* for a pedestrian to use a sidewalk even though he may have knowledge of a defect therein, nor can it be said as a matter of law that the plaintiff was guilty of contributory negligence in passing under the tree with knowledge that the limb was in poor condition and liable to fall. The question of contributory negligence under such circumstances is one which must be left to the jury and it may and should take into consideration facts showing the knowledge of the injured person in arriving at its conclusion as to whether or not such injured person at the time of the accident was in the exercise of due care and caution for his or her own safety. *City of Mattoon v. Faller,* 217 Ill. 273. The Supreme Court in its opinion in that case said:

"It is, however, well settled law in this State, that, where a man knows of a defect .in a sidewalk and walks thereon, his doing so with such knowledge is not negligence *per se,* as matter of law. The fact, that he goes upon the sidewalk with knowledge of the existing defect, is a circumstance to be taken into consideration by the jury with all the other facts and circumstances in determining the question, whether he was guilty of contributory negligence. The same is true as to the fact that he might have taken another route

to reach his destination than the one which he actually pursued. The fact, that it was possible for him to take such other route, is merely a circumstance to be taken into consideration by the jury in determining the question of contributory negligence, and is not evidence of negligence *per se,* as matter of law. All the law requires of a man, going upon a public sidewalk with knowledge that it is defective, and with knowledge that there is another way of going, is that he shall be in the exercise of ordinary care for his own safety." To the same effect see *Wallace v. City of Farmington,* 231 Ill. 232.

The declaration charged that the accident happened on the sidewalk at or near the corner of Ashland avenue and Irving Park boulevard in the City of Chicago. Upon the trial the City was subpoenaed to and did bring in the original notice served upon it. This notice, in addition to the fact stated in the declaration as to where the accident happened, bore the lead pencil notation, "N. E." which indicated the northeast corner. The accident as a matter of fact happened at the northeast corner of Ashland avenue and Irving Park boulevard, but it is insisted that the notice served on the City differs from the notice set out in the declaration and that the notice in the declaration was not sufficient. There is no material variance between the notice and the declaration. The actual notice when produced more specifically designated the place where the accident occurred than did the declaration, but there was no variance between the two. Moreover, it has been held that the designation "at or near the corner of" is sufficient under the statute. It was not intended that such a notice should serve to entrap the plaintiff who had a meritorious cause of action if it was sufficiently definite to give the City notice as to where the accident happened. *McComb v. City of Chicago,* 263 Ill. 510.

Objection is taken to the fact that the X-ray picture introduced in evidence contained marks placed thereon, indicating where the fracture of the skull was shown. At the time this picture was introduced in evidence it was fully explained by whom and for what purpose the marks were placed on the picture and no objection was made to its introduction. The witnesses testified from the picture as it was, but the defendant sought to have it excluded at the end of plaintiff's evidence. This objection came too late. The trial court did not commit reversible error when it refused the request.

Plaintiff testified that she was struck in the temporal region of the head and her left side and arm were bruised; that she suffered great pain and was in bed for three weeks with a trained nurse and had to give up her position as manager of an apartment building; that during the three weeks clamps were upon her head; that the pain has continued and her head continually hurts; that intense pain continued for over six months after the accident and she has continuously suffered from headaches which last two or three days and has to resort to sedatives to alleviate the pain; that prior to the accident her health was good.

It is insisted that the verdict is excessive, but we are of the opinion that the amount is not so great as to indicate passion or prejudice on the part of the jury which would warrant a reversal.

For the reasons stated in this opinion the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HEBEL and HALL, JJ., concur.