David R. Upton and Jeranne Upton, Plaintiffs-Appellees, v. Parkway Motors, Inc., Defendant-Appellant.

Parkway Motors, Inc., Third Party Plaintiff-Appellant, v. Lou Bachrodt Chevrolet Co., a Corporation, Third Party Defendant-Appellee.

Gen. No. 67–98.

Second District.

December 27, 1967.

Rehearing denied January 18, 1968.

Beckstrand and Ritz, Kenneth F. Ritz, and Fred L. Wham, III, of Rockford, for appellant.

Miller, Hickey, Collins, Gilbert & Powers, of Rockford, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

In September of 1964 the plaintiffs purchased a used 1964 Chevrolet Corvette automobile from the defendant, Parkway Motors, Inc., and were allowed a credit of $1,595 for an older model automobile which was traded in. Prior to making the purchase, plaintiffs test drove and inspected the car. According to plaintiffs' testimony, they were told by Parkway's salesman that the car "had never been wrecked." Two other representations were alleged by the plaintiffs, one of which was not proven, and neither of which is material to the disposition of this appeal.

Shortly after the purchase, plaintiffs were told by a salesman of Lou Bachrodt Chevrolet Company, Parkway's competitor, that the car had been "wrecked" or "damaged." After having the car inspected at Bachrodt's, plaintiffs sought to rescind their transaction with Parkway. When Parkway refused, plaintiffs brought this suit to rescind and recover the $1,595 they were allowed on their trade-in. Parkway, in its answer, denied making any misrepresentations, and filed a third-party complaint against Bachrodt, charging that Bachrodt, whose attorneys also represent the plaintiffs in these proceedings, wrongfully induced plaintiffs to breach their contract with Parkway.

The trial court, hearing the matter without a jury, dismissed the third-party complaint and entered judgment in favor of the plaintiffs and against Parkway for $1,595. Parkway appeals both rulings to this court, as well as the ruling which denied Parkway's motion for a rehearing on the basis of newly discovered evidence.

Implicit in the trial court's ruling was the finding that Parkway's salesman had in fact represented that the car had never been "wrecked." Moreover, the court so stated from the bench during the course of the trial. Although Parkway's salesman denied making the representation, we see no reason, on the basis of the authorities hereinafter cited, to dispute the court's determination to believe the plaintiffs' testimony in this regard. In any event, the entire thrust of Parkway's argument in this court and in the court below is that the car had never been "wrecked" prior to the sale to plaintiffs, and therefore the representation, assuming it were made, was not untrue.

The evidence as to the prior damage to the car was conflicting to say the least. The plaintiffs produced two witnesses who had been mechanics at Bachrodt's at the time of the transaction, one of whom was still employed by Bachrodt. Their testimony was in substantial agreement. Both testified to having closely inspected the car and having observed that the hood was out of alignment and was supported by a considerable number of shims. A nick or dent in the bumper was noticed, and evidence of repairs was seen in and about the area of the grille and headlights. They both shared the opinion that the car had been in a collision. One of these witnesses testified to having had special training in the repair of Corvette fiberglass bodies.

Parkway likewise offered two witnesses to support its position that the car had not been materially damaged prior to being sold to the plaintiffs. One of these was a Chevrolet dealer who had considerable experience in the

manufacture and repair of the fiberglass bodies used in Corvette automobiles, and in fact helped to prepare the manufacturer's manual on the subject. He conceded the existence of numerous hairline cracks and paint over-spray in the front area of the car, but said this was not significant. He testified that such cracks can be caused from slamming the hood, and the overspray is sometimes a result of the touch-up which takes place during the final factory inspection. He stated that the strips of masking tape found on the body were not necessarily an indication of repairs, for such tape is also used in certain steps of the manufacturing process, and he has at times found these on newly delivered cars from the factory. He similarly gave no importance to the existence of shims under the hood. In short, his opinion was that the car had never been in a collision, and he found no evidence of repairs made after the car was originally delivered from the factory.

Parkway's other witness was the original owner of the car, who testified that the car had been involved in only one accident or collision, and this was so minor that the only damage was a one square inch chip in the paint on the front end. This mishap, according to the prior owner, occurred when he struck another car from behind while moving at only five miles per hour, and he touched up the area himself. He subsequently traded in the car to another dealer who in turn wholesaled it to Parkway.

It can thus be seen that the trial court heard two witnesses give testimony that the car had not suffered material damage in the past, and two other witnesses give testimony suggesting precisely the converse. The central issue, as presented to this court, is whether the trial court was justified in choosing to rely on the testimony of plaintiffs' witnesses.

██ ██ Our courts have held repeatedly that, in the face of contradictory testimony, the findings of fact of the trial court will not be disturbed unless clearly contrary to

the manifest weight of the evidence. Bauske v. City of Des Plaines, 13 Ill2d 169, 181, 148 NE2d 584 (1957); Gable v. Village of Hinsdale, 87 Ill App2d 123, 230 NE2d 706, 710 (1967); Loeb v. Gendel, 42 Ill App2d 111, 115, 116, 191 NE2d 642 (1963); Kropp Forge Co. v. Jawitz, 37 Ill App2d 475, 483, 186 NE2d 76 (1962). In the proceedings below, the court had the opportunity to watch and listen to the witnesses, to observe their demeanor and to reflect upon their responses. That court is therefore in a far better position to determine the relative credibility of the various witnesses than is this court, whose review of the testimony is limited to reading the printed questions and answers. We are unable to conclude that the findings of the trial court was against the manifest weight of the evidence.

■ Having concluded that the finding of a misrepresentation by the trial court should not be upset, we cannot fail to sustain the dismissal of the third-party complaint against Bachrodt. It was there alleged only that Bachrodt induced plaintiffs to breach their contract with Parkway, and this was by no means proven. The most that could possibly be gathered from the evidence (and even this is not clear) is that Bachrodt implanted in plaintiffs' mind the idea to bring suit to rescind a contract. The agreement had already been fully performed, and could not therefore be breached. We cannot, on these facts, hold that it is a breach of contract for one to seek a judicial determination of his rights, nor a wrongful interference or inducement to suggest that he do so, particularly where the rights sought are thereafter judicially established. Parkway's third-party complaint further alleged wrongful damage to its reputation, but this theory was apparently abandoned in that no proof or argument was offered in support thereof.

■ The final contention of Parkway is that the trial court erred in denying a rehearing on the basis of evidence discovered after the trial. This evidence would

430

have consisted of the testimony of the owner of an automobile body repair shop who, according to his affidavit, would testify that he had examined the car in question at the behest of plaintiffs' attorneys, that he was of the "firm" opinion that the car "had never been damaged," that he so advised plaintiffs' attorneys, and that one of plaintiffs' attorneys told him that they would advise plaintiffs to dismiss their complaint because still another mechanic had given him a similar opinion. Aside from the dubious admissibility of much of the foregoing testimony, we cannot say that the trial court abused its discretion in refusing to grant a rehearing or open the proofs. The evidence would have been, at best, only corroborative of other testimony, and contained no new relevant facts. There was therefore no showing that a different result would likely have resulted. See, Bezark v. Kostner Manor, Inc., 29 Ill App2d 106, 115, 172 NE2d 424 (1961). Moreover, Parkway has neither shown nor argued that such evidence was not discoverable in time to be presented at the trial by the exercise of ordinary diligence, which is a primary requisite to allowance of a new trial under section 68.3 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 68.3). People ex rel. Drury v. Catholic Home Bureau, 34 Ill2d 84, 97, 213 NE2d 507 (1966).

For the reasons stated, we are of the opinion that the judgment and orders appealed from should be affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.