NAOMI PAULINE KLEIN, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.,* Defendants—(THE CITY OF CHICAGO, Defendant-Appellant.)

(No. 55192; )

First District (Fifth Division)—February 16, 1973.

*Rehearing denied March 23, 1973.*

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan, Edmund Hatfield, and Harvey N. Levin, Assistant Corporation Counsel, of counsel,) for appellant.

Herbert F. Stride, of Chicago, (William J. Harte and Kevin M. Forde, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff, in a bench trial, was awarded a judgment of $77,766 against the City of Chicago for injuries sustained from a fall caused by a de-

fective sidewalk. The City's third party complaint against Standard Oil was dismissed and no appeal has been taken from that order.

The City appeals from the judgment contending that: (1) plaintiff failed to comply with the notice requirements of Section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102); and (2) the judgment was against the manifest weight of the evidence.

On the afternoon of June 19, 1968, plaintiff and her daughter, Mrs. May McKinney, were walking south on the east side of Western Avenue. They reached the intersection of Blue Island and Western Avenues and stopped for a red light, intending to cross to the west side of Western Avenue. When the light changed, they started to cross the street. However, as plaintiff began to move, she stepped into a hole in the sidewalk causing her to fall. Plaintiff's daughter lived in an apartment almost directly opposite the scene of the fall, on the west side of Western Avenue, about four buildings to the north of Blue Island. When plaintiff fell, her daughter left her in the care of a woman who had been walking behind them and proceeded across the street to her apartment. An ambulance was summoned. Plaintiff's son-in-law went to the intersection, carrying a chair. He placed plaintiff in the chair and waited for a fire department ambulance to arrive. As a result of the accident plaintiff fractured the right femur and is now confined to a wheelchair.

Plaintiff filed notice with the City on August 14, 1968, as required by Section 8—102 of the Tort Immunity Act. Ill. Rev. Stat. 1969, ch. 85, par. 8—102.* The City contends that the notice was defective because it contained an inaccurate description of the location of the accident. With respect to the location, the notice stated:

Place of Accident:

At or near Blue Island Avenue and Western Avenue. 50′ E. of

---

* § 8-102. Notice of injury

Within 6 months from the date that the injury or cause of action, referred to in Sections 8-102 and 8-103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident and the name and address of the attending physician, if any.

a sightline for East curb of Western Avenue. 19'10" N. of a sightline for North curb of Blue Island Avenue.

The notice also stated:

"Description of Occurrence:

Claimant was pedestrian who tripped and fell on defective sidewalk."

Plaintiff, her daughter and son-in-law testified that the accident occurred about three to five feet from Western Avenue and not 50 feet, as stated in plaintiff's notice. Thus "50" could possibly have been a typographical error intended to read "5."

The City called one Alphonse Gorski, an employee of the City of Chicago Corporation Counsel, who testified that he was familiar with the intersection of Blue Island and Western Avenues and that the condition of the corner in May 1970 was about the same as in June 1968, and that he did not recall seeing a hole at the intersection. Two fire department ambulance drivers testified that they picked up the plaintiff on the west side of Western Avenue whereas plaintiff and her daughter and son-in-law had testified that she was on the east side of the street. The City also called one of the investigators for the Law Department of the City who had examined the site of the accident on May 14, 1970. At that time he made a diagram of the area of the intersection which contained an area of broken sidewalk. He identified that defect as the same defect depicted in plaintiff's photographs as the situs of the accident.* Finally, the City introduced a letter from plaintiff's orthopedic surgeon, Dr. Vachout, addressed to her attorney, which stated:

"This patient was first seen by me at St. Anthony's Hospital on June 20, 1968, with the history of having injured herself when she slipped from a curb, sustaining injuries to the right upper thigh."

The doctor also testified that plaintiff's osteoporosis (soft bone tissue) could have made it possible for plaintiff's fracture to have occurred spontaneously just from the pressure produced by stepping off of a curb.

*Opinion*

The City first contends that the notice was not in compliance with Section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act since it was misleading and prevented the City from effectively investigating the claim. Indeed, the City argues that it was so misled that it believed the accident occurred on the driveway of the

---

* Plaintiff's original exhibits were not filed in this court by appellant. Upon our request copies of these exhibits were filed but none of them contain the markings to which witnesses testified.

Standard Oil service station at Blue Island and Western Avenues and thus named Standard Oil of Indiana as a third party.

■■■ The purpose of Section 8—102 is to furnish the municipality with timely notice so that there can be a prompt investigation of the accident and a settlement of meritorious claims. (*King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874.) The notice is sufficient if it directs the attention of city officials with reasonable certainty to the place of the accident. (*McComb v. City of Chicago*, 263 Ill. 510, 105 N.E. 294.) In *McComb* the City was deemed to have received adequate notice when the notice merely stated that the accident had occurred "at or near the corner of 39th Street and Kimball Avenue." See also *Reynolds v. City of Tuscola*, 48 Ill.2d 339, 270 N.E.2d 415.

■■ Plaintiff in the case at bar made a good faith effort to comply with Section 8—102 by filing her notice within two months of the accident. If plaintiff had not specified the measurement of the situs but relied on the first sentence of her statement, *e.g.*, "At or near Blue Island & Western Avenue," the notice would have passed muster under the above cases. We do not believe that the erroneous measurement statistic, under the facts of the present case, should bar a meritorious claim. The City argues that to uphold the present notice would require the City's investigators, once they initially failed to find the defect at the precise location designated in the notice, to search in a circle of ever increasing radius. We disagree. The notice statement, in that portion which describes the nature of the accident, states that the plaintiff was a pedestrian walking on the *sidewalk*. The investigators need only to have looked at the sidewalk near the location, not the entire area of a circle having a 45 foot radius. It would not have required great diligence by the City investigators to have examined the sidewalk on either side of the specified measurements in the notice once they discovered that they placed the injury in the middle of a gas station driveway, not a sidewalk; that no defects were present in the driveway; that the City did not own the driveway; and that the City and not the service station had been given notice of an impending suit. These factors would indicate the need for further investigation. As stated in *Bryant v. City of Chicago*, 319 Ill.App. 524, 49 N.E.2d 654: "We will not assume investigators of the City are dull and inefficient."

■■■ A municipality is entitled to a notice that supplies sufficient information to fulfill the purposes of Section 8—102 set forth above. However, in the case at bar we believe that the City urges too rigid a function and too rigid a test on notices. As stated in *Reule v. City of Chicago*, 268 Ill.App. 266, 272, where the notice referred to the wrong corner of an intersection, but was upheld:

"It was not intended that such a notice should serve to entrap the plaintiff who had a meritorious cause of action if it was sufficiently definite to give the City notice as to where the accident happened."

We think that the proper test was set forth in *McComb* at 512:

"It [the notice] does not specifically state which corner, and appellant insists the notice is too uncertain and indefinite as to the place of the accident to be a substantial compliance with the statute. It must be admitted that in this respect the notice was crudely and carelessly prepared, but if, considering the whole notice together, it gives sufficient information to the city authorities to enable them, by the exercise of reasonable intelligence and diligence, to locate the place of the injury and ascertain the conditions alleged to have existed which caused it, it is sufficient, according to the weight of the authorities, to serve the purpose for which it was required by the statute to be given."

We find that the notice in the case at bar sufficiently meets the requirements of Section 8—102.

The next contention of the City is that the judgment is against the manifest weight of the evidence because of conflicting testimony. The plaintiff, 71 years of age, indicated in her deposition that the accident occurred when she was standing on the island just opposite the sidewalk where the hole was located. This was in response to two separate questions by attorneys for the City and Standard Oil. At trial she testified that the situs was on the sidewalk four or five feet from the curb. She also demonstrated some confusion as to the proper names for the curb, sidewalk and traffic island. However, both in the deposition and at trial she consistently pointed to the hole in the sidewalk depicted in her photographs showing the hole near the curb. Further, the City urges that Dr. Vachout's testimony and the letter containing plaintiff's statement that she stepped off the curb contradict both her trial and deposition testimony. The City also points out that two ambulance drivers testified that plaintiff was on the west side of Western Avenue and not the east side as testified to by plaintiff, her daughter and son-in-law.

■■ These conflicts and discrepancies were matters for the trier of fact. In *Upon v. Parkway Motors, Inc.*, 90 Ill.App.2d 426, 429, 232 N.E.2d 513, the court held:

"Our courts have held repeatedly that, in the face of contradictory testimony, the findings of fact of the trial court will not be disturbed unless clearly contrary to the manifest weight of the evidence. [Citations omitted.] In the proceedings below, the court had the opportunity to watch and listen to the witnesses, to ob-

serve their demeanor and to reflect upon their responses. That court is therefore in a far better position to determine the relative credibility of the various witnesses than is this court, whose review of the testimony is limited to reading the printed questions and answers."

■■ We find that the judgment is not against the manifest weight of the evidence.

The judgment is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.