**Robert MUI, Plaintiff,**

v.

**Robert H. DIETZ, David Kapus and City of Chicago, a Municipal Corporation, Defendants.**

No. 82 C 5993.

United States District Court, N.D. Illinois, E.D.

March 16, 1983.

Bruce M. Kohen, Anesi, Ozomon, Lewin & Assoc., Chicago, Ill., for plaintiff.

Darka Papushkewych, Asst. Corp. Council, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Robert Mui ("Mui") has sued Robert H. Dietz, David Kapus, and the City of Chicago under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and several pendent state law causes of action. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).[1] Presently before the

---

1. 28 U.S.C. § 1331 provides that

The district courts shall have original jurisdiction of all civil actions arising under the

Court is defendants' motion to dismiss Counts II, III, IV, V, and VI of Mui's complaint. For reasons set forth below, defendants' motion is granted in part and denied in part.

For purposes of a motion to dismiss, we must take the allegations in Mui's complaint as true and view them, as well as any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). Mui alleges that he leased an apartment to Catherine Alopogianie, a Chicago police officer. On September 30, 1980, Alopogianie began to move out of her apartment without notifying Mui. In an effort to learn why the outside doors were open, Mui approached the building where defendants Dietz and Kapus, Chicago police officers, were present. At this time, Dietz and Kapus made derogatory remarks to plaintiff concerning his Chinese ancestry. They also proceeded to physically restrain and handcuff Mui, place a gun to his back, break his finger, and place him under arrest for battery, resisting arrest, and disorderly conduct. Mui was not informed of his *Miranda* rights nor of the charges for which he was being arrested. He was subsequently taken into custody and was prosecuted on the aforementioned criminal charges, for which he was eventually acquitted. Mui now alleges that he was falsely charged in an effort to aid Alopogianie and to conceal the unlawful conduct of Dietz and Kapus.

Defendants Dietz and Kapus have answered Count I of Mui's complaint; the

City of Chicago has moved to dismiss Count II, asserting that plaintiff has failed to assert a claim against it under 42 U.S.C. § 1983. All three defendants have moved to dismiss Count III, claiming that it fails to state a claim under 42 U.S.C. § 1981; and finally, defendants argue that Counts IV, V, and VI, which involve pendent state law claims, should be dismissed because Mui served notice pursuant to Ill.Rev.Stat. ch. 85 § 8–102 upon the wrong entity. In considering these arguments, we are mindful of the fact that an action may be dismissed for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jafree v. Barber,* 689 F.2d 640, 642–43 (7th Cir.1982); *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 663 (7th Cir.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979).

## *Count II*

We turn first to Count II, Mui's § 1983 claim against the City of Chicago.[2] It is settled that local government entities are "persons" subject to liability under the Civil Rights Act of 1871, 42 U.S.C. § 1983, when a plaintiff can causally link the constitutional deprivation he or she suffered to a governmental "policy" or "custom." *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, there is some variation in this district con-

---

Constitution, laws, or treaties of the United States.

28 U.S.C. § 1343(a) provides, in pertinent part, that

   (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   \*      \*      \*      \*      \*      \*

   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

   (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

2. 42 U.S.C. § 1983 provides that

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

cerning the specificity of pleading required in § 1983 suits against local government entities. *Compare Villa v. Franzen,* 511 F.Supp. 231, 235 (N.D.Ill.1981) *with Spriggs v. City of Chicago,* 523 F.Supp. 138, 144–45 (N.D.Ill.1981) *and Rivera v. Farrell,* 538 F.Supp. 291, 296 (N.D.Ill.1982). According to the United States Court of Appeals for the Seventh Circuit, "[t]he allegation of a single incident of unconstitutional conduct by a municipal employee usually does not establish a sufficient basis for suing the municipality." *Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir.1981). Thus, when a plaintiff sues a municipal government entity and alleges passive acquiescence in a pattern of unconstitutional conduct, a complaint which merely asserts that the plaintiff was injured as a result of an unspecified "policy" or "custom" of a governmental entity is insufficient to state a cause of action. *Rivera v. Farrell,* 538 F.Supp. 291, 297 (N.D.Ill.1982). Also, a single incident of unconstitutional conduct, allegedly perpetrated to a policy or custom of a government entity, is inadequate to state a cause of action under § 1983. *Gomez v. City of West Chicago,* 506 F.Supp. 1241, 1245 (N.D.Ill.1981). Rather, a plaintiff must plead, in addition to a specific incident of misconduct and a governmental policy or custom of perpetrating such wrongs upon persons, the existence of other, similar incidents. *Hamrick v. Lewis,* 515 F.Supp. 983, 986 (N.D.Ill.1981). While it is not necessary to plead the specific details of the similar incidents of misconduct, such similar instances involving either the plaintiff or other similarly situated persons must be pled. *Rivera v. Farrell,* 538 F.Supp. 291, 294, n. 8 (N.D.Ill.1982).

■ An examination of the pertinent portions of Mui's complaint [3] indicates that the aforementioned pleading requirements have not been met. While Mui has pled a specific instance of police misconduct and a governmental policy or custom pursuant to which such wrong was perpetrated, allegations of other, similar incidents are lacking. As a result, the City of Chicago's motion to dismiss Count II is granted.[4]

### Count III

■ All defendants join in seeking the dismissal of Count III, which is based upon 42 U.S.C. § 1981.[5] Dietz and Kapus argue

3. Following are the relevant portions of Mui's complaint:

    21. That the actions of the Defendant Officers, ROBERT H. DIETZ and DAVID KAPUS, resulted from and were taken pursuant to the custom, practice and policy of the City of Chicago to unlawfully aid fellow officers, and to summarily punish persons who refuse to obey police orders, whether lawful or not, by means of the constant and repeated practice of physically abusing prisoners, subjecting them to false arrest, unlawful detention, and excessive use of force.

    22. That the Defendant, CITY OF CHICAGO, knew, or should have known, of the above stated conduct of the police officers of Chicago Illinois, and of the custom, practice and policy of the Police Department of the City of Chicago.

    23. That despite its knowledge, the CITY OF CHICAGO, as a matter of policy and with deliberate indifference and gross negligence, failed to provide proper training to its police officers with regard to proper constitutional and statutory limits on the exercise of their authority, and failed to take disciplinary steps to ensure that such a pattern, practice and policy of beatings, false arrests and im-

prisonments and wrongful prosecutions would not continue in the future.

    24. That the Defendant, CITY OF CHICAGO, impliedly or tacitly authorized, approved or encouraged the above stated conduct of its officers and such implied or tacit authorization, approval or encouragement established a policy and practice in the City of Chicago to falsely arrest, detain, prosecute and physically abuse persons.

    25. That the Defendant, CITY OF CHICAGO, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Defendant police officers heretofore described.

4. Our decision today is without prejudice to Mui's right to attempt to amend his complaint, if he can, so as to state a claim against the City consistent with the *Monell* principles as enunciated in this opinion.

5. 42 U.S.C. § 1981 provides that

    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

that 42 U.S.C. § 1981 applies only to contractual matters; the City of Chicago adds that municipalities cannot be held liable on a respondeat superior basis under § 1981 for the racially discriminatory conduct of their employees. Moreover, according to the City, Mui has failed to properly plead a § 1981 claim by not alleging that the defendants' wrongful conduct was authorized and within the scope of their employment with the City. Defendants with no new authority or argument now urge this Court overrule *Haugabrook v. City of Chicago,* 545 F.Supp. 276 (N.D.Ill.1982), where we held that municipalities may be held vicariously liable for the official acts of its employees. *Id.* at 281. It should come as no surprise to defendants that we decline to do so. Rather, we reiterate our carefully articulated view in *Haugabrook* that municipalities may indeed be held vicariously liable for the official acts of their employees under 42 U.S.C. § 1981.

■ An examination of Mui's complaint indicates that it sufficiently states a claim under § 1981:

29. That the unlawful arrest, excessive use of force, unlawful detention and false charges of battery, resisting arrest and disorderly conduct perpetrated against the Plaintiff were motivated by racial prejudice of the Defendants, and each of them.

30. That the acts of the Defendant Officers, ROBERT H. DIETZ and DAVID KAPUS, under color of law and under color of authority as police officers of the Defendant, CITY OF CHICAGO, ILLINOIS, hereinbefore described, denied Plaintiff the full and equal benefit of laws and proceedings for the security of persons that is enjoyed by white citizens, and deprived Plaintiff of the rights, privileges and immunities guaranteed to Plaintiff as a citizen and resident of the United States and constitute an unlawful arrest, excessive use of force, deprivation of liberty without due process of law and

laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punish-

cruel and unusual punishment, all in violation of the Fourth, Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. 1981.

*Haugabrook v. City of Chicago,* 545 F.Supp. 276, 279 (N.D.Ill.1982). Accordingly, defendants' motion to dismiss Count III is denied.

*Counts IV, V and VI*

■ Counts IV, V, and VI assert claims of assault and battery, false arrest and imprisonment, and malicious prosecution under Illinois law. According to defendants, Mui has failed to comply with a statutory notice requirement contained in Ill.Rev. Stat. ch. 85 § 8–102, which states that:

Within 1 year from the date that the injury or cause of action, referred to in Sections 8–101, 8–102 and 8–103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any.

Mui served the notice required by § 8–102 upon the Department of Police of the City

ment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

of Chicago, rather than upon "the Secretary or Clerk" of the City; defendants assert that the notice was thus insufficient. And Ill.Rev.Stat. ch. 85 § 8–103 states that

> If the notice under Section 8–102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees . . . shall be dismissed. . . .

Defendants do not dispute the content of the notice furnished by Mui, but rather, assert that the wrong entity received the notice.

The purpose behind the statutory notice provision in § 8–102 is to provide timely notice of an injury to a public entity, to enable prompt investigation and settlement of meritorious claims. *King v. Johnson,* 47 Ill.2d 247, 250–51, 265 N.E.2d 874, 876 (1970). Nevertheless, the Illinois Supreme Court has declared, with regard to § 8–102, that "[a] liberal interpretation of the statute is necessary because of its position in relation to the common law and because a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences." *Reynolds v. City of Tuscola,* 48 Ill.2d 339, 343, 270 N.E.2d 415, 417 (1971). That case, however, involved service upon a city clerk by mail, rather than personal service, and it was shown that the city had notice of the injury and its particulars. Other cases have liberally interpreted the statute by holding, for example, that a plaintiff substantially complied with § 8–102 despite an erroneous measurement statistic contained in the notice, *Klein v. City of Chicago,* 10 Ill.App.3d 670, 294 N.E.2d 755 (1973), and that notice stating that the accident occurred "at or near the public sidewalk" was adequate despite the fact that the accident occurred in the street. *Brooks v. City of Chicago,* 106 Ill.App.3d 459, 62 Ill.Dec. 210, 435 N.E.2d 1182 (1982). Other cases, however, have strictly enforced § 8–102. Thus, failure to include as part of the notice the names of hospitals at which a plaintiff was treated, as required by 8–102, led to dismissal of the complaint in *Zavala v. City of Chicago,* 66 Ill.2d 573, 6 Ill.Dec. 901, 363 N.E.2d 848 (1977); *Cf., Saragusa v. City of Chicago,* 63 Ill.2d 288, 348 N.E.2d 176 (1976) (although plaintiff failed to list treating hospital in notice, fact that complaint was filed within statutory notice period cured the defect in notice). And the failure to include the plaintiff's address in the notice was also held to violate § 8–102. *Ramos v. Armstrong,* 8 Ill.App.3d 503, 289 N.E.2d 709 (1972). As that court observed,

> the courts of Illinois have traditionally held that statutes requiring the giving of notice to municipalities are strictly construed and must be followed with complete adherence to each prescribed detail. While the strict construction interpretation may at times appear harsh, the rule of *stare decisis* compels our adherence to it.

*Id.* at 506, 289 N.E.2d 711. Also, in *People ex rel. Department of Transportation v. City of Chicago,* 36 Ill.App.3d 712, 344 N.E.2d 688 (1976), the plaintiff had written a series of letters to the City Council's Committee on Finance concerning an accident between one of the City's vehicles and the plaintiff, but had not provided the Clerk of the City with notice as required by § 8–102. In affirming the trial court's dismissal of plaintiff's complaint, the appellate court emphasized that plaintiff had made no attempt to serve written notice on the Clerk of the City, and that the information required by § 8–102 had not been provided to the City.

In light of the decisions discussed above, we decline to hold that notice to the Police Department, rather than the City Clerk, satisfies § 8–102. Since Mui never served the Clerk of the City with notice of his claims, we are bound to apply § 8–103, which mandates dismissal of civil actions in which notice is not served in accordance with the dictates of § 8–102. Mui's pendent state law claims must therefore be dismissed.

### Conclusion

The City of Chicago's motion to dismiss Count II is granted, as is defendants' motion to dismiss Counts IV, V, and VI. Defendants' motion to dismiss Count III is denied. It is so ordered.